In re Douglas J. NEUENSCHWANDER, Debtor.

**Bankruptcy No. 85–02718–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

April 3, 1987.

Irving E. Gennet, Boca Raton, Fla., trustee.

Robert C. Furr, Boca Raton, Fla., for debtor.

John P. Duda, Hollywood, Fla., Hollywood Federal Sav. & Loan.

John L. Bryan, Jr., Palm Beach, Fla., for Southeast Bank, N.A.

## ORDER ON RECONSIDERATION OF CLAIM NOS. 8 (HOLLYWOOD FEDERAL SAVINGS AND LOAN ASSOCIATION) AND 12 (SOUTHEAST BANK)

THOMAS C. BRITTON, Chief Judge.

On March 16, 1987, following notice and hearing, this court struck Claim Nos. 8 (Hollywood Federal) and 12 (Southeast Bank) on the trustee's objection. (C.P. No. 17). On March 18, the trustee moved for reconsideration of the order on objections to claims to modify the statement that each of these claims be allowed as a secured claim against *personal property*. The trustee seeks to have the order specify that the subject claims be allowed against *tangible personal property*.

It is the trustee's position that under Florida law the judgment liens of these two creditors cannot attach to intangible personal property, and that the estate held by the trustee consisting of proceeds of the debtor's income tax refund is intangible personal property. I agree.

In Florida, an execution lien will attach to the goods, chattels, corporate stock and other properties of the judgment debtor, but does not attach to contractual rights or choses in action. *See Willard v. Petruska*, 402 F.2d 756 (5th Cir.1968); Fla.Stat. § 56.061.

I have not overlooked the creditor's assertion that currency in the possession of the debtor may be seized pursuant to a writ of attachment or execution. However, the lien rights of the creditor are fixed under bankruptcy law as of the date the petition is filed. 11 U.S.C. § 544(a). The property interest which passed to the trustee under § 541(a) at the time of filing the petition was not currency.

Tax refunds are general intangibles. Secured creditors are entitled to a debtor's federal tax refund only if they were properly perfected in that type or item of property at the time the debtor filed its petition. *In re American Home Furnishings Corp.*, 48 B.R. 905 (Bankr.W.D.Wash.1985).

Accordingly, Claim Nos. 8 and 12 are each allowed as secured claims against tangible personal property. To that extent, the order of March 16, 1987 is modified.

DONE and ORDERED.