In re Tarek HALABI a/k/a Tito Halabi, Debtor.

Soneet R. KAPILA, Trustee in Bankruptcy for Tarek Halabi a/k/a Tito Halabi, Plaintiff,

v.

FARRAGUT MORTGAGE CO., INC., a Massachusetts corporation, Atlantic Mortgage & Investment Corporation, a Florida corporation, Federal Home Loan Mortgage Corporation, Maria V. Materazzi and Bernard Berman, Esquire, Defendants.

Bankruptcy No. 94–32109–BKC–PGH.
Adv. No. 95–0577–BKC–PGH–A.

United States Bankruptcy Court, S.D. Florida.

Sept. 22, 1995.

Michael R. Bakst, West Palm Beach, Florida, for Trustee.

Soneet R. Kapila, Trustee, Ft. Lauderdale, Florida.

Stefanie F. Belle, Ft. Lauderdale, Florida, for Debtor.

Anne S. Mason, Clearwater, Florida, for Defendants.

Gary W. Cruickshand, Boston, Massachusetts.

Bernard Berman, Ft. Lauderdale, Florida.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON SONEET R. KAPILA'S, TRUSTEE IN BANKRUPTCY FOR TAREK HALABI A/K/A TITO HALABI, MOTION FOR SUMMARY JUDGMENT

PAUL HYMAN, Jr., Bankruptcy Judge.

THIS MATTER came before the Court pursuant to Soneet R. Kapila's, Trustee in Bankruptcy for Tarek Halabi a/k/a Tito Halabi ("Trustee") Motion for Summary Judgment ("Motion") as to Defendant Bernard Berman ("Berman") and Defendant Maria V. Materazzi ("Materazzi") (hereinafter referred to as the "Defendants"). Upon the Court's request, the parties appeared before the Court on September 6, 1995. The Court, having reviewed and considered the Motion and the accompanying Memorandum of Law in support of the Motion, having reviewed

and considered Defendant Berman's Affidavit in Opposition to Plaintiff's Motion ("Affidavit") of July 6, 1995 as well as Defendants' Sworn Response to Plaintiff's Motion ("Sworn Response") of July 21, 1995, and having noted that the material facts are not in dispute and otherwise being fully advised in the premises, hereby makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

This bankruptcy action was commenced by the filing of a chapter 7 bankruptcy petition for the Debtor, Tarek Halabi a/k/a Tito Halabi, on June 24, 1994. Soneet R. Kapila is the duly appointed and qualified Trustee who, pursuant to a previous adversary proceeding, has obtained title to real property located in Palm Beach County, Florida (the "Real Property") and is described more specifically as:

UNIT 109, BUILDING 3, LAKESIDE

A parcel of land in Section 24, Township 46 South, Range 42 East, Palm Beach County, Florida, being more particularly described as follows: COMMENCING at the Southeast corner of SHADYWOODS PHASE 1, as recorded in Plat Book 34, Pages 103 and 104 of the Public Records of Palm Beach County, Florida; Thence North 89°06′55″ East, along a line parallel with and 106.00 feet North of, as measured at right angles to the South line of said Section 24, a distance of 661.69 feet; Thence North 50°53′06″ West, a distance of 78.38 feet, to the Point of Beginning; Thence North 50°53′06″ West, a distance of 39.92 feet; Thence South 39°06′54″ West, a distance of 33.92 feet; Thence South 50°53′06″ East, a distance of 39.92 feet; Thence North 39°06′54″ East, a distance of 33.92 feet, to the POINT OF BEGINNING.

In an effort to quiet title to the Real Property, the Trustee on May 5, 1995 filed a Complaint against five defendants pursuant to Bankruptcy Rule 7001(2) and 11 U.S.C. § 549 seeking a determination of amount, priority, and validity of liens, as well as to set aside post-petition transfers. The Trustee subsequently filed the Motion against two of the defendants, Materazzi and Berman, seeking to set aside and avoid the recording of a final judgment dated May 6, 1993 in favor of Berman (the "Judgment") recorded in the Public Records of Palm Beach County on October 18, 1994 at Official Records Book 8468, Pages 230–231. It is the Trustee's contention that the recording of the Judgment should be set aside pursuant to 11 U.S.C. § 549 since a certified copy of the Judgment was recorded post-petition.

The Defendants in their Sworn Response contend that the Judgment was originally recorded on May 16, 1993 and that a certified copy thereof was recorded on June 4, 1993. Defendants also contend that pursuant to the Judgment, a Writ of Execution has been issued and a levy of the execution has been made against the Debtor's Real Property. Defendants assert that since they have obtained a valid judicial lien against the Debtor's Real Property prior to the Debtor's filing a Chapter 7 petition in Bankruptcy, the Trustee can not set aside their lien interest pursuant to 11 U.S.C. § 549. A review of the Judgment in issue evidences that while the original uncertified copy was recorded in Palm Beach County on May 17, 1993 and a copy was certified by the Clerk of the Circuit Court on June 4, 1993, such certified copy was not duly recorded in Palm Beach County, Florida until October 18, 1994, as evidenced by the second page of the Judgment. Therefore, Defendants' factual assertions are without merit.

After having taken judicial notice of the entire bankruptcy file evidencing that there has been no court authorization for the recording of any post-petition certified judgments and the Court having not been presented with any other factual or legal basis as to why the Judgment could be perfected post-petition without violating the automatic stay provided by 11 U.S.C., § 362, the Court makes the following legal conclusions:

### CONCLUSIONS OF LAW

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. *Gui L.P. Govaert, Trustee, et al. v. Southern*

*Nat'l Bank of North Carolina and Anthony S. Caserta, Debtor (In re Anthony Sestilio Caserta, Debtor)*, 182 B.R. 599, 603–605 (Bankr.S.D.Fla.1995). Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment shall be entered only if "there is no genuine issue as to any material fact and ... the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56; *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1368 (11th Cir.1982) citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

A fact is material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). There is no genuine issue for trial if the record, taken as a whole, does not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Co.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Having reviewed the relevant pleadings, the Trustee's Motion, Defendant's Response and supporting evidence, this Court finds that there is no genuine issue of material fact that is in dispute and summary judgment must be granted as a matter of law.

Florida Statute, § 55.10 provides in pertinent part:

(1) A judgment, order, or decree becomes a lien on real estate in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation, and it shall be a lien for a period of seven years from the date of the recording ...

The language of the statute is clear in that a certified copy of a judgment must be recorded in the county where real estate is located in order for the judgment to become a lien.

The Defendants' recordation of the certified copy of the Judgment in the public records of Palm Beach County was a transfer made after the commencement of this case which was not authorized by this Court or any other section of Title XI of the United States Code. Such filing was a violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(2), (3), (4), and (5). This Court finds that the Judgment was not properly perfected on the date of bankruptcy filing as required by Florida Statute, § 55.10. Accordingly, the Defendants' post-petition transfer of perfecting their judgment lien is set aside pursuant to 11 U.S.C. § 549.

■ The Defendants' Sworn Response is virtually identical to their Affidavit. Neither the Affidavit nor the Sworn Response raise any factual issues which would preclude summary judgment. Both the Sworn Response and Affidavit allege that a writ of execution was issued and the sheriff's department of Palm Beach County initiated a levy upon the Real Property. The Defendants contend that the sheriff's levy in and of itself perfected their lien interest. However, that is not the case. The delivery of a writ of execution to a sheriff and the initiation of a levy upon real property which does not go to sale does not establish a judgment lien upon real property. *Steinbrecher v. Cannon*, 501 So.2d 659 (Fla. 1st DCA 1987), *rev. den.*, 509 So.2d 1119 (Fla.1987) held:

In Florida, as the foregoing discussion indicates, a judgment becomes a lien on the non-exempt real property of the Debtor when a certified copy of the judgment is recorded in the official records of the county where the debtor owns real property. *Consequently, the prior acts of delivering a writ of execution to and levy by the sheriff do not create a lien on real property.* Although Rule 1.550, Florida Rules of Civil Procedure, specifies that no execution or other final process shall issue 'until the judgment on which it is based has been recorded,' we find nothing that supports appellant's contention that the rule purports to govern the method of acquisition of a lien on real property in contradiction to the plain wording of the statute, § 55.10 (Florida Statutes).

Id. at 660. (Emphasis added). *See also, Smith v. Venus Condominium Association, Inc.*, 352 So.2d 1169 (Fla.1977), *quashing*, 343 So.2d 1284 (Fla. 1st DCA 1976). In regards to the Defendants' Second Affirmative Defense that somehow their interest "prioritized the Trustee's appointment," this affir-

mative defense is without any legal support—especially in light of a clear reading of Florida Statute, § 55.10.

In light of the foregoing Findings of Fact and Conclusions of Law, it is hereby:

**ORDERED AND ADJUDGED** that:

1. The Plaintiff's Motion for Summary Judgment is granted against the Defendants. The recording of the Judgment recorded in Public Records of Palm Beach County on October 18, 1994 at Official Records Book 8468, Pages 230–231 is hereby rendered null and void and without any effect.

2. Any lien created by the Judgment is hereby removed as a lien on the Real Property and the Plaintiff shall be deemed the owner of same free and clear of any lien created by the Judgment recording or of any claims of right, title, or interest of the Defendants as it relates to this Final Judgment.

3. The Plaintiff shall recover costs against the Defendants in the amount of $120.00 jointly and severally.

4. This Court shall retain jurisdiction to enter any additional orders necessary to effectuate the provisions of this Order.

5. A separate and final judgment shall be entered in accordance with these findings on even date.

**DONE AND ORDERED.**

### FINAL JUDGMENT

**THIS CAUSE** came before the Court pursuant to Soneet R. Kapila's, Trustee in Bankruptcy for Tarek Halabi a/k/a Tito Halabi ("Trustee") Motion for Summary Judgment ("Motion") as to Defendant Bernard Berman ("Berman") and Defendant Maria V. Materazzi ("Materazzi") (hereinafter referred to as the "Defendants"). Upon the Court's request, the parties appeared before the Court on September 6, 1995. The Court, having reviewed and considered the Motion and the accompanying Memorandum of Law in support of the Motion, having reviewed and considered Defendant Berman's Affidavit in Opposition to Plaintiff's Motion ("Affidavit") of July 6, 1995 as well as Defendants' Sworn Response to Plaintiff's Motion ("Sworn Response") of July 21, 1995 and having noted

that the material facts are not in dispute entered Findings of Fact on Conclusions of Law granting Plaintiff's Motion for Summary Judgment. In light of the foregoing, it is hereby:

**ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Summary Judgment is granted against the Defendants. The recording of the Judgment recorded in Public Records of Palm Beach County on October 18, 1994 at Official Records Book 8468, Pages 230–231 is hereby rendered null and void and without any effect.

2. Any lien created by the Judgment is hereby removed as a lien on the Real Property and the Plaintiff shall be deemed the owner of same free and clear of any lien created by the Judgment recording or of any claims of right, title or interest of the Defendants' as it relates to this Final Judgment.

3. The Plaintiff shall recover costs against the Defendants in the amount of $120.00 jointly and severally.

4. This Court shall retain jurisdiction to enter any additional orders necessary to effectuate the provisions of this Order.

**DONE AND ORDERED.**