932 So.2d 434 (2006)
FRANKLIN FINANCIAL, INC., Appellant,
v.
Thomas K. WHITE, Norma Jean Prevatt a/k/a Norma Jean White, and Big Lake National Bank, Appellees.
No. 4D05-1063.
District Court of Appeal of Florida, Fourth District.
May 17, 2006.
*435 James J. Webb of Haley, Sinagra, Paul & Toland, P.A., Fort Lauderdale, for appellant.
Daniel S. Mandel of Mandel, Weisman, Heimberg & Brodie, P.A., Boca Raton, for appellees.
MAY, J.
A judgment lien holder and a mortgage lien holder each claim a superior interest in the same real property. The appeal raises two issues: whether the judgment was valid and whether a judgment lien may be rerecorded after it expires. Franklin Financial, Inc., the judgment lien holder, appeals a final summary judgment in favor of Big Lake National Bank, the mortgage lien holder. The court declared Franklin Financial's judgment invalid and therefore it had no judgment lien. For the reasons that follow, we reverse.
In the early 1990's, a judgment was entered against Norma K. Prevatt[1] and her now deceased husband. The judgment also named several other interested parties as defendants. The original judgment holder appears to have attempted to record the judgment in 1994. It is unclear from the record if this judgment lien ever matured, but in any event, the original judgment holder never executed on the judgment.
Through a series of assignments, Franklin Financial came to hold the judgment. On January 29, 2003, Franklin Financial recorded the judgment along with an affidavit containing its address. It filed a complaint to foreclose the judgment lien on property owned by Mrs. Prevatt in Okeechobee County, Florida.
The complaint also named Mrs. Prevatt's current husband, Thomas White, and Big Lake National Bank ("Big Lake") as defendants. After Franklin Financial recorded the judgment, Mrs. Prevatt conveyed the property to her husband and Big Lake recorded a mortgage on the property.
Both Franklin Financial and Big Lake filed motions for summary judgment. Franklin Financial asked the court to declare its interest superior while Big Lake asked the court to declare Franklin Financial's interest in the property invalid.
*436 The court found Franklin Financial had no valid lien on the property. It held the underlying judgment defective because it failed to affix liability to a specific defendant in the body of the judgment. The trial court granted summary judgment for Big Lake finding it had the superior interest in the property.
This appeal presents two issues. The first issue involves the validity of the judgment.
There are certain requirements for a judgment to be valid. A final judgment must contain the address and the social security number, if known to the prevailing party, of each person against whom the judgment is rendered. § 55.01, Fla. Stat. (1994). However, errors in names, addresses, or social security numbers, or the failure to include the same, shall in no way affect the validity or finality of a final judgment. § 55.01, Fla. Stat. (1994). A judgment is still valid "if the parties for and against whom [it] is rendered are so referred to therein as that a reference to its caption, or to the pleadings, process, and proceedings in the action, will make certain the names of the parties thus referred to." Taylor v. Branham, 35 Fla. 297, 17 So. 552, 555 (1895). "Every judgment may be construed and aided by the entire record." Id.
The judgment here identifies Mrs. Prevatt and her deceased husband in the caption and establishes liability against the "defendants" in its body. The record from the earlier lawsuit clearly establishes the judgment bound Mrs. Prevatt personally. Therefore, the judgment is valid as a matter of law and the court erred in entering a summary judgment in favor of Big Lake.
The second issue involves whether Franklin Financial can rerecord the judgment after the original judgment lien has expired. The original judgment lien holder attempted to record the judgment in 1994. It is unclear if it properly recorded the judgment. Whatever the case, no judgment lien would have existed when Franklin Financial came to hold the judgment in 2003. The original judgment lien would have either never existed because it was improperly recorded or would have expired under the statute then in force.
Franklin Financial claims a plain reading of the statute governing judgment liens allows a judgment creditor to rerecord a judgment after the first judgment lien has expired. We agree.
Section 55.10(1), Florida Statutes (2003), provides that a judgment becomes a lien on real property in any county where a certified copy of it is recorded in the official records of the county. The judgment lien lasts for a period of ten years.[2]Id. The lien may be extended for an additional period by rerecording a certified copy of the judgment prior to the expiration of the lien and by simultaneously recording an affidavit with the current address of the person who has a lien as a result of the judgment. § 55.10(2), Fla. Stat. (2003). No judgment can be a lien beyond twenty years after the date of the original judgment. § 55.081, Fla. Stat. (2003). The statute is silent as to whether the judgment may be rerecorded after the original judgment lien has expired.
The statutory mechanism for extending the life of a judgment lien was designed to allow the judgment creditor to maintain its priority over any subsequent lien holders. When a judgment is recorded, the judgment lien takes priority over *437 any liens recorded thereafter. It maintains this priority so long as it exists. If the judgment lien begins to reach its statutorily defined time limit, the judgment creditor may file for an extension pursuant to section 55.10(2). The logical result of filing an extension is that the life of the original judgment lien is extended. By extending the judgment lien's life, the judgment creditor maintains the judgment lien's priority over any liens recorded after its original date of recording and also over any liens recorded after its date of extension.
A different outcome is produced if the judgment creditor allows the judgment lien to lapse without filing for an extension. In that case, the judgment lien ceases to exist. The judgment creditor may choose to rerecord the judgment at a later time, but a new judgment lien is created and it takes no priority over liens already recorded. Like a child that wanders out of a queue, the newly rerecorded judgment lien has lost its place and must go to the back and stand behind all previously recorded judgment liens.[3]
We hold a judgment creditor may rerecord a judgment even after the original judgment lien has expired. Franklin Financial's judgment was a valid judgment against Mrs. Prevatt. The recording of that judgment created a valid judgment lien. Big Lake's mortgage, recorded after Franklin Financial's judgment lien, is the junior interest.
Reversed.
STONE and GROSS, JJ., concur.
NOTES
[1] Mrs. Prevatt has remarried since the original judgment issued. She is now known as Norma Jean White.
[2] At the time the original judgment holder attempted to record the judgment, a judgment lien was only valid for a period of seven years. § 55.10(1), Fla. Stat. (2004).
[3] Obviously, the judgment is against the judgment debtor personally. When the judgment creditor rerecords the judgment, the new judgment lien only attaches to property then in the judgment debtor's possession and not to property that has been transferred by the judgment debtor since the original judgment lien expired.