[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2006
THOMAS K. KAHN
CLERK

No. 05-16260

D. C. Docket Nos. 04-81186-CV-DTKH & 01-34529-BKC-SH

DOUGLAS K. RABORN,

Debtor.

_____

DOUGLAS K. RABORN,
RICHARD B. RABORN,
ROBIN RABORN,

Plaintiffs-Appellants,

versus

DEBORAH C. MENOTTE, Trustee,
Trustee in Bankruptcy for Douglas K. Raborn,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 28, 2006)**

Before EDMONDSON, Chief Judge, BARKETT and COX, Circuit Judges.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO FLA. R. APP. P. 9.150(a). TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:

This case involves the interpretation of Florida Statutes section 689.07(1), application of that statute in federal bankruptcy proceedings, and, potentially, the constitutionality of retroactively applying an amendment to that statute. Because resolution of issues of Florida state law may preclude the need to reach federal constitutional issues, we grant the Appellants' motion to certify the state law questions to the Florida Supreme Court. Neumont v. Florida, 451 F.3d 1284, 1285 (11th Cir. 2006).

The facts are undisputed. In 1991, Robert E. Raborn and his wife, Lenore B. Raborn ("Settlors" or "Grantors"), attempted to establish a trust for their children, Douglas, Robin, and Richard ("Beneficiaries"). The corpus of the trust was the Raborn family horse farm. On 25 January 1991, the Settlors executed two documents. The first document, entitled "Raborn Farm Trust Agreement" ("Trust Agreement"), named Mr. and Mrs. Raborn as Settlors; Douglas Raborn as Trustee; and Douglas, Robin, and Richard as Beneficiaries of the trust. The Trust Agreement also set forth the specific terms and purposes of the trust, including the

2

broad powers of Douglas Raborn as Trustee to deal with trust property. Before the current dispute arose, the Trust Agreement was not recorded in the public records.

The second document, entitled "Conveyance Deed to Trustee Under Trust Agreement" ("Deed"), was recorded in the Palm Beach County real estate records on 5 February 1991. The dispute in this case concerns the meaning and effect of this document. The Deed names Mr. and Mrs. Raborn as "Settlors under the Raborn Farm Trust Agreement dated January 25, 1991" and conveys the farm to "Douglas K. Raborn, as Trustee under the Raborn Farm Trust Agreement dated January 25, 1991." According to the Deed, the Trustee is "to have and to hold the said real estate with the appurtenances upon the trust and for the uses and purposes herein and in said Trust Agreement set forth." The Deed repeatedly refers to the Trust Agreement and acknowledges the Trustee's broad powers to deal with the property. The Settlors signed the Deed and swore before a notary public "that they executed said instrument for the purposes therein expressed."

On 24 August 2001, Douglas Raborn filed for Chapter 7 Bankruptcy. The Bankruptcy Trustee filed an adversary proceeding against the Beneficiaries of the trust, alleging that the farm was part of the bankruptcy estate. The Bankruptcy Trustee argued that, under Florida Statutes section 689.07(1), the 1991 Deed actually conveyed fee simple title to Douglas individually, rather than conveying

mere legal title to Douglas in his capacity as Trustee of the trust.  Florida Statutes

section 689.07(1), as it existed in 1991 and at the time of the bankruptcy filing,

provided that

> [e]very deed or conveyance of real estate heretofore or hereafter made
> or executed in which the words "trustee" or "as trustee" are added to the
> name of the grantee, and in which no beneficiaries are named nor the
> nature and purposes of the trust, if any, are set forth, shall grant and is
> hereby declared to have granted a fee simple estate with full power and
> authority in and to the grantee in such deed to sell, convey and grant and
> encumber both the legal and beneficial interest in the real estate
> conveyed, unless a contrary intention shall appear in the deed or
> conveyance; provided, that there shall not appear of record among the
> public records of the county in which the real property is situate at the
> time of recording of such deed or conveyance, a declaration of trust by
> the grantee so described declaring the purposes of such trust, if any,
> declaring that the real estate is held other than for the benefit of the
> grantee.

FLA. STAT. § 689.07(1) (2001).  In essence, the statute specifies that a

conveyance of property that merely adds the words "trustee" or "as trustee" to the

grantee's name is a conveyance of fee simple title and no conveyance in trust

unless one of four conditions is met: (1) the deed names the beneficiaries; (2) the

deed sets forth the nature and purposes of the trust; (3) a contrary intention

appears on the face of the deed; or (4) the trust itself is recorded.

Determining that the property was conveyed to Douglas in his capacity as

Trustee of the trust, the bankruptcy court concluded that the farm was not part of

4

the bankruptcy estate and dismissed the Bankruptcy Trustee's complaint for failure to state a claim. On appeal, the district court reversed the bankruptcy court ("Raborn I"). The district court determined that the Deed did not meet the statutory conditions that would have made the Deed a conveyance in trust and that, therefore, the Deed conveyed fee simple title to Douglas in his individual capacity rather than conveying mere legal title to Douglas as Trustee.[1] We then dismissed the Beneficiaries' appeal to this Court because the bankruptcy court had not issued a final order. On remand, the bankruptcy court followed the district court's earlier order and granted the Bankruptcy Trustee's motion for summary judgment.

In 2004, the Florida Legislature, however, added an amendment to section 689.07(1). Responding to Raborn I and a request by the Real Property, Probate and Trust Section of the Florida Bar, the Legislature amended the statute to add a fifth condition that would cause a conveyance to be in trust: language in the deed identifying the trust by either name or date. This 2004 bill expressly provided that the amendment "was intended to clarify existing law and shall apply retroactively." Fla. Laws 2004-19, § 2.

---

[1] The district court determined that the Deed failed to name the beneficiaries or to describe the nature and purposes of the trust. The court also commented that "the intent of the grantors is entirely irrelevant to the statutory analysis and application."

On a second appeal from the bankruptcy court, the district court applied the same reasoning as its previous order, affirmed summary judgment for the Bankruptcy Trustee, and denied equitable relief for the Beneficiaries ("Raborn II").[2]  The district court determined that "the Conveyance Deed does not on its face otherwise reflect a 'contrary intention' of the grantors" to convey the property in trust.  The district court also concluded that the Bankruptcy Trustee's rights to the property had vested when the bankruptcy was filed in 2001 and that retroactive application of the 2004 statutory amendment would be unconstitutional.  This appeal followed.

The Beneficiaries contend that, even under the unamended version of section 689.07(1), the Deed validly conveyed the farm in trust to Douglas Raborn as Trustee because (1) the Deed refers to the nature and purposes of the trust; and (2) the Deed's language clearly demonstrates the intention of the Settlors to convey the farm in trust to Douglas Raborn as Trustee under the Trust Agreement.[3]  The Beneficiaries also contend that the 2004 amendment to section

_____

[2] The district court explained that "the subjective intent of a grantor is relevant to interpretation of [a] deed meeting [the] statute only where it is made to appear as a 'contrary intention' on [the] face of the deed -- in other words, it is relevant only if an objective manifestation of that intent appears in the body of the deed or conveyance itself."

[3] The Beneficiaries also contend that the Deed and Trust Agreement together created a typical "Illinois Land Trust" covered by Florida Statutes section 689.071 rather than section 689.07(1).

6

689.07(1) only clarified the statute's meaning and can apply retroactively to the Deed. In their view, retroactive application of the amendment is constitutional because the Bankruptcy Trustee had no vested interest in the farm at the time of the amendment, which was before the bankruptcy court's final judgment.

The Bankruptcy Trustee counters that the district court correctly applied the Florida statute as it existed before the amendment because the Deed (1) merely adds the words "as Trustee" to the name of the grantee; (2) does not name the beneficiaries; (3) does not set forth the nature and purposes of the trust; and (4) does not establish a contrary intention on the part of the grantors. The Bankruptcy Trustee also argues that the district court properly decided that the 2004 statutory amendment did not apply retroactively to the Deed because even explicitly retroactive legislation cannot be applied retroactively if it impairs vested rights. In addition, pointing to the district court's application of 11 U.S.C. § 544(a)(3), the Bankruptcy Trustee argues that her strong-arm powers give her the rights of a hypothetical bona fide purchaser of the farm from Douglas Raborn and that, therefore, she can avoid the Beneficiaries' unrecorded equitable interest in the property even if the property was held in trust. See In re Seaway Express Corp., 912 F.2d 1125, 1128-29 (9th Cir. 1990).

As a preliminary matter, we point out that a bankruptcy trustee's rights in the debtor's property vest when the property becomes part of the bankruptcy estate. The district court correctly stated that the Bankruptcy Trustee's rights vested on 24 August 2001 because Douglas Raborn filed the bankruptcy petition on that date, which constitutes the "commencement of the case" for purposes of federal bankruptcy law. 11 U.S.C. §§ 541, 544(a)(3).

The central issue in this case, however, is not at what point the Bankruptcy Trustee's rights vested, but rather the extent of the rights in the hands of the debtor on the date that rights did vest. An "elementary rule of bankruptcy . . . is that the [bankruptcy] trustee succeeds only to the title and rights in the property that the debtor possessed." S. Cent. Livestock Dealers, Inc. v. Sec. State Bank, 614 F.2d 1056, 1061 (5th Cir. 1980). In a similar way, the bankruptcy code provides that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

In this case, the Bankruptcy Trustee could not succeed to rights or title to the real estate that Douglas Raborn, the debtor, did not possess. If Douglas

8

Raborn possessed only legal title to the property as Trustee of the trust (and not as holder of both legal and equitable title in his individual capacity), the Bankruptcy Trustee could neither succeed to nor have any rights -- "vested" or "unvested" -- in the fee simple title to the property. Thus, a necessary threshold determination in this case is the extent of Douglas Raborn's rights in the pertinent property at the commencement of the bankruptcy case (24 August 2001), which is an issue of Florida law.

The Bankruptcy Trustee argues that, regardless of whether Douglas Raborn held only legal title to the property as Trustee of the trust, the Bankruptcy Trustee's strong-arm powers under 11 U.S.C. § 544(a) give her the rights of a hypothetical bona fide purchaser ("BFP") of the property from the debtor, which rights are superior to the Beneficiaries' rights.[4] This argument has little merit, however, because the existence of the Bankruptcy Trustee's rights as a

---

[4]The Bankruptcy Trustee relies on In re Seaway Exp. Corp., 912 F.2d 1125 (9th Cir. 1990), to support the argument that her strong-arm powers give her the status of a bona fide purchaser of the property regardless of whether it was held in trust. In re Seaway adopted the majority rule that when a third party claims "an inchoate equitable interest in real property owned by the debtor at the commencement of the case, which interest is not evidenced by a recorded instrument and not yet granted by a state court, the [bankruptcy] trustee as bona fide purchaser prevails." Id. at 1128-29 (emphasis added). The cases applying the strong-arm powers under § 544(a)(3) to a trust situation are those deciding whether a bankruptcy estate should include "a constructive trust beneficiary's [equitable] interest in real property[, which] is, by definition, an unrecorded interest." In re Gen. Coffee Corp., 828 F.2d 699, 704-05 (11th Cir. 1987). In re Seaway and In re General Coffee, which involved unrecorded equitable interests of constructive trust beneficiaries, are very different from the current situation, where the settlors of an express trust used a recorded instrument to convey the property in trust.

9

hypothetical BFP depends on whether, under Florida law, the recorded Deed gave the Bankruptcy Trustee constructive notice of the Beneficiaries' equitable interest in the property. If, under state law, the recorded Deed evidenced the intent of the grantors to convey the property in trust, the Bankruptcy Trustee can have no rights as a BFP; and the equitable interest of the Beneficiaries prevails. Thus, the central issue is whether such intent was apparent from the recorded Deed.

Without ruling upon an unresolved question of state law, we are unable to determine whether a party conducting a search of the Palm Beach County real estate records would have no notice that the Deed might have conveyed the Raborn Farm in trust to Douglas Raborn as Trustee. We are also unable to determine whether the district court correctly applied Florida Statutes section 689.07(1) to the Deed in this case, especially the district court's determination that the Deed failed to express a "contrary intention" on the part of the Grantors to convey the property in trust.

We have said that "[s]ubstantial doubt about a question of state law upon which a particular case turns should be resolved by certifying the question to the state supreme court." Jones v. Dillard's, Inc., 331 F.3d 1259, 1268 (11th Cir. 2003). The Florida Constitution allows this Court to certify a question to the Florida Supreme Court if it "is determinative of the cause and for which there is no

10

controlling precedent of the supreme court of Florida." FLA. CONST. art. V, §

3(b)(6).  Because we have found no such controlling precedent, we certify the

following question to the Florida Supreme Court:

> Whether, under Florida Statutes section 689.07(1) as it existed before its
> 2004 amendment, this Deed -- which is a recorded real estate
> conveyance deed to a named trustee of a private express trust identified
> in the deed by name and date, and contains other language referring to
> the unrecorded trust agreement, the settlors, and the beneficiaries --
> conveys only legal title to the property in trust to the grantee as trustee.

This question is solely an issue of Florida state law that should be decided by the

Florida Supreme Court.

If the state court answers this first question in the negative and determines

that the Deed -- viewed in the light of the unamended statute -- did not convey the

property in trust, we also certify the following question:

> Whether, as a matter of Florida law, the 2004 statutory amendment to
> Florida Statutes section 689.07(1) applies retroactively to the Deed in
> this particular case and causes the Deed -- in the light of the amendment[5]
> -- to convey only legal title to the grantee in trust.[6]

---

[5]Although the 2004 bill expressly states that the amendment only clarifies existing law and
applies retroactively, the district court pointed to conflicting statements in the Senate Staff Analysis
and Economic Impact Report. At one point, the report stipulates that the amendment was meant to
"supersede[] the contrary federal district court ruling in the bankruptcy matter of In re Raborn." At
another point, the report states, "This bill would not affect the recent contrary ruling of a federal
district court in bankruptcy.  However the bill would apply to future judicial actions."

[6]We would need to answer for ourselves the question of whether federal law would allow
retroactive application of the statute to this case, even if state law would allow it.

In certifying these questions, our intent is not to restrict the issues considered by the state court, including whether the Deed and Trust Agreement were effective to create a valid "Illinois Land Trust" covered under Florida Statutes section 689.071 rather than section 689.07(1).[7] Discretion to examine this issue and other relevant issues lies with the state court. See Miller v. Scottsdale Ins. Co., 410 F.3d 678, 682 (11th Cir. 2005) ("Our phrasing of the certified question is merely suggestive and does not in any way restrict the scope of the inquiry by the Supreme Court of Florida."). We also recognize that "latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are given." Swire Pac. Holdings v. Zurich Ins. Co., 284 F.3d 1228, 1234 (11th Cir. 2002) (quoting Martinez v. Rodriguez, 394 F.2d 156, 159 n.6 (5th Cir. 1968)). To assist the state court's inquiry, the entire record in this case and the briefs of the parties are transmitted herewith.

**QUESTION CERTIFIED.**

---

[7]We are aware that the Florida Legislature extensively amended Florida Statutes section 689.071, effective 1 October 2006. This amendment to Florida's land trust provision purports "to clarify existing law and applies to all land trusts whether created before, on, or after October 1, 2006." Once again, we do not know whether, under Florida law, this amendment applies retroactively to this case. Even if state law would allow retroactive application of the amended land trust statute to this case, however, we would need to address the issue of whether such retroactive application is permissible as a matter of federal law.

12