I.R. TORANTO, as Trustee of the Rhonda Rubin Toranto Irrevocable Trust, Appellant

v.

Patricia DZIKOWSKI, as Chapter 7 Trustee of the Bankruptcy Estate of Irwin Sherwin, Appellee.

No. 07–80882–CIV.

United States District Court, S.D. Florida, Miami Division.

Dec. 17, 2007.

[black redaction bars]

Bradley Scott Shraiberg, Les O. Osborne, Eyal Berger, Kluger Peretz Kaplan & Berlin, P.L., Boca Raton, FL, for Appellant.

Patrick S. Scott, Law Office of Patrick Scott, Fort Lauderdale, FL, for Appellee.

### ORDER VACATING BANKRUPTCY COURT'S JUDGMENT AND CLOSING CASE

ADALBERTO JORDAN, District Judge.

The main question presented in this bankruptcy appeal is whether a judgment lien that is perfected and valid under Florida law at the time the debtor files for bankruptcy can lapse post-petition if the creditor fails to renew and/or extend the lien under Florida law. In my view, the answer to that question is an emphatic no. Accordingly, the bankruptcy court's summary judgment and final judgment in favor of the bankruptcy trustee, Patricia Dzikowksi, are vacated.

### I. FACTS AND PROCEDURAL HISTORY

The critical facts, as to which there is no dispute, are these.

In 1976, Irwin Sherwin acquired an undivided one-half interest with his wife, Marcia, in a 25–foot parcel of real property ("the parcel"). In 1995, Rhonda Rubin Toranto obtained a judgment in North Carolina state court against Mr. and Mrs. Sherwin and Boone Art Galleries, Inc. The judgment was in the amount of $51,353. In October of 1995, Ms. Toranto domesticated the judgment in Florida pursuant to Fla. Stat. § 55.10(1), thereby obtaining a perfected judgment lien on the parcel. Under Florida law, the judgment lien was to remain in effect for 10 years. *See id.*

In 1998, Mr Sherwin filed for bankruptcy. In his bankruptcy schedules, he did not list the parcel as an asset. It is undisputed that, at the time Mr. Sherwin filed for bankruptcy, the judgment lien obtained by Ms. Toranto was perfected and valid under Florida law. Mr. Sherwin's bankruptcy case was converted into a Chapter 7 case in 1999, and Ms. Dzikowski was appointed the Chapter 7 trustee.

Ms. Toranto died in 2000. Her interest in the parcel (i.e., the perfected judgment lien) passed to her son, I.R. Toranto, as trustee of the Rhonda Rubin Toranto Irrevocable Trust.

Mr. Sherwin's bankruptcy case was closed in 2003, without there being any adjudication as to the parcel, which had not been listed on the schedules. The case was reopened in January of 2005 to resolve issues relating to the parcel. After the case was reopened, the bankruptcy court determined that an undivided one-half interest in the parcel constituted property of Mr. Sherwin's bankruptcy estate. At no time prior to October of 2005 did Mr. Toranto renew or extend the judgment lien on the parcel under Florida law. *See* Fla. Stat. § 55.10(2).

In January of 2007, Ms. Dzikowski instituted an adversary proceeding against Mr. Toranto (as trustee of the Rhonda Rubin Toranto Irrevocable Trust), alleging that the judgment lien on the parcel was invalid or unenforceable because it had not been renewed or extended under Florida law. Ms. Dzikowksi sought to avoid the lien under 11 U.S.C. § 544(a)(1).[1]

---

1. In relevant part, § 544(a)(1) provides that the *"trustee* shall have, as of the commencement of the case, without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obli-

The bankruptcy court agreed with Ms. Dzikowski, and ruled that the judgment lien was unenforceable because it had lapsed under Florida law. The bankruptcy court granted final summary judgment in Ms. Dzikowski's favor. Although the bankruptcy court explained that nothing had prevented Mr. Toranto from perpetuating the judgment lien as against Mrs. Sherwin, a non-debtor, it did not cite or discuss any applicable statutory or decisional law. Mr. Toranto then appealed.

## II. Standard of Review

The bankruptcy court's summary judgment is subject to de novo review. *See In re Celotex Corp.*, 487 F.3d 1320, 1327–28 (11th Cir.2007). The general and well-known summary judgment standard under Rule 56 applies, *see, e.g., In re Optical Tech., Inc.*, 246 F.3d 1332, 1334 (11th Cir.2001), and since no one contends that there are genuine issues of material fact, the only question is whether the bankruptcy court correctly interpreted the applicable law. As explained below, I believe the bankruptcy court erred.

## III. Discussion

Mr. Toranto contends that the validity of the judgment lien was fixed forever as of the date that Mr. Sherwin filed for bankruptcy, and because the judgment lien was valid and effective on that date, it could not have lapsed afterwards as a matter of federal bankruptcy law. Ms. Dzikowski, on the other hand, asserts that judgment liens can lapse in bankruptcy, and that federal bankruptcy law allowed Mr. Toranto to rerecord the North Carolina judgment before the 10–year period expired. Because he did not do so, Ms.

Dzikowski argues, the judgment lien lapsed. I agree with Mr. Toranto.

Under 11 U.S.C. § 544(a)(1), the so-called "strong-arm" provision of the Bankruptcy Code, a trustee like Ms. Dzikowski is "considered an ideal hypothetical lien creditor armed with a judgment and may contest the validity of certain liens." *In re Halabi*, 184 F.3d 1335, 1337 (11th Cir.1999). This provision "makes the avoidance power of the trustee contingent upon state law." *In re Hilde*, 120 F.3d 950, 952 (9th Cir.1997). *See also In re Raborn*, 470 F.3d 1319, 1324 (11th Cir.2006) (under § 544(a), "the existence of the ... trustee's rights as a hypothetical [bona fide purchaser] depends on whether under Florida law, the recorded deed gave the ... trustee constructive notice of the beneficiaries' equitable interest in the property").

As a general matter, liens are creatures of state law, and in the absence of any controlling federal statute, courts in bankruptcy look to state law to determine the validity of liens. *See generally McKenzie v. Irving Trust Co.*, 323 U.S. 365, 370, 65 S.Ct. 405, 89 L.Ed. 305 (1945). The first step in the analysis, therefore, is to look at Florida law with respect to the creation and renewal of judgment liens. *See In re Lowery Bros., Inc.*, 589 F.2d 851, 853 (5th Cir.1979) ("one must examine the law of the state whose statute is at issue in order to determine whether it establishes a 'lien' under state law and thus under [federal bankruptcy law]").

Ms. Toranto had a perfected and valid judgment lien on the parcel when Mr. Sherwin filed for bankruptcy in 1998. Under Florida law, specifically Fla. Stat.

---

gation incurred by the debtor that is voidable by ... a creditor that extends credit to the debtor, at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists."

§ 55.10(1), the judgment lien on the parcel was set to expire in October of 2005, 10 years after it-was perfected. Pursuant to Fla. Stat. § 55.10(2), a judgment lien "may be extended for an additional period of 10 years ... by rerecording a certified copy of the judgment ... prior to the expiration of the lien ... and by simultaneously recording an affidavit with the current address of the person who has a lien as a result of the judgment[.]" Here is how the Fourth District Court of Appeal has summarized the interplay of §§ 55.10(1) and 55.10(2):

> The statutory mechanism for extending the life of a judgment lien was designed to allow the judgment creditor to maintain its priority over any subsequent lien holders. When a judgment is recorded, it takes priority over any liens recorded thereafter. It maintains this priority so long as it exists. If the judgment lien begins to reach its statutorily defined time limit, the judgment creditor may file for an extension pursuant to [§ ] 55.10(2). The logical result is filing an extension is that the life of the original judgment lien is extended. By extending the judgment lien's life, the judgment creditor maintains the judgment lien's priority over any liens recorded after its original date of recording and also over any liens recorded after its date of extension.

> A different outcome is produced if the judgment creditor allows the judgment lien to lapse without filing for an extension. In that case, the judgment lien ceases to exist. The judgment creditor may choose to rerecord the judgment at a later time, but a new judgment lien is created and it takes no priority over liens already recorded. Like a child that wanders out of a queue, the newly rerecorded judgment lien has lost its place and must go to the back and stand be-

hind all previously recorded judgment liens.

*Franklin Fin., Inc. v. White,* 932 So.2d 434, 436–37 (Fla. 4th DCA 2006).

It is undisputed that Mr. Toranto did not rerecord the North Carolina judgment prior to the expiration of the 10–year period in October of 2005. Thus, under Florida law, as explained in *White,* it would seem that the original judgment lien on the parcel lapsed in October of 2005. But there are two reasons why this is not so.

■ First, by its terms, 11 U.S.C. § 544(a)(1) "freezes the relative positions of secured and unsecured creditors at the time of the [bankruptcy] filing." *In re Wind Power Syst., Inc.,* 841 F.2d 288, 292 (9th Cir.1988). *See also In re Raiton,* 139 B.R. 931, 934 (9th Cir.BAP1992) ("As a [hypothetical] lien creditor, the [trustee] possesses the right and power to avoid any lien claims or security interests which are unperfected on the date the bankruptcy petition is filed."); *In re Neuenschwander,* 73 B.R. 327, 328 (Bankr.S.D.Fla.1987) ("the lien rights of a creditor are fixed under bankruptcy law as of the date the petition is filed"). This means that where, as here, the judgment lien was perfected and valid under state law at the time of the bankruptcy filing, it remained valid as against the trustee. Mr. Toranto's judgment lien did not lapse as a result of non-renewal because it was frozen by the bankruptcy filing. *See, e.g., In re Stetson & Assoc., Inc.,* 330 B.R. 613, 623–24 & n. 11 (Bankr.E.D.Tenn.2005); *In re Arithson,* 175 B.R. 313, 318–19 (Bankr.D.N.D.1994).

This principle is not of recent vintage. Even before the current version of § 544(a)(1) was enacted, there existed a fair amount of authority, most of it from the early 20th century, standing for the general proposition that a lien which is valid when a debtor files for bankruptcy need not be renewed post-petition by the

creditor under state law. These early cases reasoned that the rights of the creditor, as against the bankruptcy trustee, become fixed on the date the bankruptcy petition is filed. *See Lockhart v. Garden City Bank & Trust Co.,* 116 F.2d 658, 661–62 (2nd Cir.1940); *In re Lake County Fuel & Supply Co.,* 70 F.2d 391, 392 (7th Cir. 1934); *In re Grosse,* 24 F.2d 305, 307 (7th Cir.1928); *Ludowici Celadon Co. v. Potter Title & Trust Co.,* 273 F. 1009, 1010–11 (3rd Cir.1921). There is also supporting dicta to the same effect in *Isaacs v. Hobbs Tie & Timber Co.,* 282 U.S. 734, 738, 51 S.Ct. 270, 75 L.Ed. 645 (1931) ("valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved"). *See also In re City Bank of New Orleans,* 44 U.S. (3 How.) 292, 316, 11 L.Ed. 603 (1845) ("There is no doubt that the liens, mortgages, and other securities within this proviso [of the then current Bankruptcy Act], as far as they are valid by the state laws, are not to be annulled, destroyed, or impaired under the proceeding in bankruptcy.").

As noted earlier, the judgment lien on the parcel was perfected and valid when Mr. Sherwin filed for bankruptcy in 1998. It therefore could not have lapsed afterwards due to Mr. Toranto's failure to rerecord the North Carolina judgment pursuant to Fla. Stat. § 55.10(2).

Even if § 544(a)(1) does not freeze the judgment liens of creditors as of the time of the bankruptcy filing, the bankruptcy court still erred in ruling that Mr. Toranto's judgment lien was unenforceable. Ms. Dzikowksi is correct that nothing in Florida law or federal bankruptcy law prevented Mr. Toranto from rerecording the judgment in order to extend the judgment lien prior to the expiration of the 10–year period. In fact, 11 U.S.C. § 362(b)(3) exempts from the automatic stay any action "to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under [§ ] 546(b) of this title or to the extent that such act is accomplished within the period provided under [§ ] 547(e)(2)(A) of this title." The rerecording of the North Carolina judgment (along with the accompanying affidavit) would have been an action to maintain the perfection of an interest (i.e., the judgment lien) in property (i.e., the parcel).[2]

But on its own terms, § 362(b)(3) does not require a creditor to do anything. It merely provides that certain actions to maintain or continue a judgment lien are exempted from the automatic stay. So once again the focus turns to Florida law, and specifically whether Florida law required Mr. Toranto to renew the judgment lien pursuant to Fla. Stat. § 55.10(2) in order to prevent its lapse.

As I read Florida law, Mr. Toranto was not required to renew or extend the judgment lien. Another Florida statute provides that "[t]he date of lapse of a judgment lien whose *enforceability* has been temporarily stayed or enjoined as a result of any legal or equitable proceeding is tolled until 30 days after the stay or injunction is terminated." Fla. Stat. § 55.204(5) (emphasis added).[3] Here the

---

**2.** For example, UCC § 9–515 provides that a financing statement filed to perfect a security interest is effective for only five years, and that a continuation statement must be filed within six months before the expiration of the five-year period. A leading bankruptcy treatise explains that "[§ ] 362(b)(3) permits filing of the continuation statement [under the UCC], which enables the creditor to assure its continued perfection." 3 Collier on Bankruptcy ¶ 362.05, at 362–55 (15th rev. ed.2007).

**3.** Neither of the parties has cited to, much less discussed, § 55.204(5).

judgment lien had been perfected and was valid at the time Mr. Sherwin filed for bankruptcy. Mr. Sherwin's bankruptcy filing, of course, prevented Ms. Toranto and/or Mr. Toranto (after Ms. Toranto's death) from *enforcing* the judgment lien. *See* 11 U.S.C. § 362(a)(4) (absent a lifting of the automatic stay, a creditor cannot take any action to "create, perfect, or *enforce any lien* against property of the estate") (emphasis added); *In re Halabi,* 189 B.R. 538, 540 (Bankr.S.D.Fla.1995) (a creditor cannot, post-petition, try to record a judgment for the first time pursuant to Fla. Stat. § 55.10(1) in order to obtain a judgment lien). Thus, § 55.204(5) indicates that any lapse of the judgment lien on the parcel—which would otherwise have occurred in 2005—was tolled until the automatic stay preventing enforceability of the judgment lien was dissolved or vacated. There was therefore no need, under Florida law, for Mr. Toranto to renew the judgment lien pursuant to § 55.10(2).

I have not been able to find any cases interpreting or applying § 55.204(5), but federal courts have been faced with similar statutory schemes which toll otherwise applicable lapse periods concerning mortgage liens, mechanics' liens, judgment liens, and/or UCC security interests if there is a intervening bankruptcy proceeding or an insolvency proceeding. In such cases, the courts have held that, as long as the lien or security interest is perfected and valid at the time of the bankruptcy filing, the tolling provision means that the creditor is not required to renew the lien post-petition under state law (or, in the case of a security interest under the UCC, not required to file a continuation statement) in order to avoid a lapse. *See, e.g., Gen. Elect. Co. v. Halmar Dist., Inc.,* 968 F.2d 121, 126–28

(1st Cir.1992); *Gen. Elect. Credit Co. v. Nardulli & Sons, Inc.,* 836 F.2d 184, 189–93 (3rd Cir.1988); *In re Phillips Const. Co.,* 579 F.2d 431, 432–33 (7th Cir.1978). These cases are persuasive, and Ms. Dzikowski has not cited to any provision of the current Bankruptcy Code which casts doubt on their validity. I therefore follow them in interpreting and applying § 55.204(5) to the judgment lien in this case.[4]

Ms. Dzikowski alternatively contends that, even if the judgment lien did not lapse against Mr. Sherwin's interest in the parcel, it did lapse against Mrs. Sherwin's interest because Mrs. Sherwin was not a debtor. From this Ms. Dzikowski argues that this lapse prevented Mr. Toranto from any recovery because the parcel was held by the Sherwins as tenants by the entireties. I do not know whether Ms. Dzikowski is correct, but I choose not to address her argument at this time. This was not an issue addressed by the bankruptcy court, and the best course is to have that court resolve it in the first instance.

## IV. CONCLUSION

The bankruptcy court's summary judgment and final judgment in favor of Ms. Dzikowski and against Mr. Toranto and the Rhonda Rubin Toranto Irrevocable Trust are vacated. The case is remanded for further proceedings consistent with this order.

This case is closed.

---

**4.** Ms. Dzikowski disclaims any reliance on 11 U.S.C. § 108(c), so I do not address that

provision.