[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13610

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 14, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No.  99-10054-CV-JCP

ELIZABETH J. NEUMONT,
LAWRENCE F. SCHEITER,
DAVID J. THOMAS,
SUSANA ELENA THOMAS,
individually and on behalf of all
others similarly situated,

                                                                Plaintiffs-Appellants,

        versus

STATE OF FLORIDA,
MONROE COUNTY, FLORIDA,

                                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 14, 2006)**

Before EDMONDSON, Chief Judge, BARKETT, Circuit Judge, and HUNT[*], District Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO FLA. R. APP. P. 9.150(a). TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:

This case presents questions under the United States Constitution and the laws of the State of Florida. We make this certification because resolution of this state law question may remove the need to decide certain questions of federal constitutional law. "When deciding cases, we address questions of federal constitutional law only as a last resort." Save Our Dunes v. Alabama Dep't of Envtl. Mgmt., 834 F.2d 984, 989 (11th Cir. 1987).

In February 1997, Monroe County, Florida, enacted Ordinance 004-1997, which restricts certain properties in the Florida Keys from being used as short-term vacation rentals. Elizabeth Neumont and other property owners subject to the Ordinance (collectively "Plaintiffs") filed a class action in the Southern District of Florida against Monroe County ("Monroe") alleging that the Ordinance was

---

[*]Honorable Willis B. Hunt, Jr., Senior United States District Judge for the Northern District of Georgia, sitting by designation.

2

enacted and enforced in a manner which deprived them of due process and deprived them of property without just compensation.

Plaintiffs also advanced claims under Florida law. Among their claims, Plaintiffs contend that Monroe violated Florida Statutes section 125.66[1] when it made changes to the Ordinance during the enactment process.[2] Because no controlling Florida Supreme Court authority seems to exist on this question, we certify the issue to the Florida Supreme Court.

_____

[1]Section 125.66(4)(b) states, in part:

> In cases in which the proposed ordinance or resolution changes the actual list of permitted, conditional, or prohibited uses within a zoning category, or changes the actual zoning map designation of a parcel or parcels of land involving 10 contiguous acres or more, the board of county commissioners shall provide for public notice and hearings as follows:
> 1. The board of county commissioners shall hold two advertised public hearings on the proposed ordinance or resolution . . . .
> 2. . . . The advertisement shall be in substantially the following form:
>
> NOTICE OF (TYPE OF) CHANGE
>
> The (name of local governmental unit) proposes to adopt the following by ordinance or resolution: (title of ordinance or resolution).
> A public hearing on the ordinance or resolution will be held on (date and time) at (meeting place).

[2]In Plaintiffs' Second Amended Complaint, they allege that Monroe violated Florida Statutes section 166.041. This section sets out procedures under which a municipality is empowered to enact an ordinance. Because this case pertains to a county ordinance, the proper statutory section -- as the district court recognized -- seems to be section 125.66.

3

Florida Statutes section 125.66 sets out the procedures under which a county is empowered to enact an ordinance. Given that section's requirements, Monroe advertised and held two public hearings on the proposed Ordinance. The first public advertisement directed readers on how to obtain a copy of the proposed Ordinance. At the first hearing, the Board of County Commissioners (BOCC) discussed a different and previously unavailable draft of the Ordinance, which substantially added to the quantity of regulations and the difficulty of meeting the Ordinance's regulatory burdens.

Monroe later published notice of a second hearing. At the second hearing, the BOCC discussed a draft of the Ordinance which was unavailable to the public until three days before the hearing. The BOCC also considered and adopted at the hearing certain previously unpublished changes to the draft Ordinance, including an additional prohibition against vacation rentals in the Commercial Fishing Residential District. The BOCC then enacted the Ordinance at the second hearing.

Plaintiffs argue that the Ordinance should be void *ab initio* because Monroe amended the Ordinance during the enactment process in a manner that violated section 125.66. The district court concluded that Monroe did not violate section 125.66.

Florida Statutes section 125.66(4)(b) contains the notice requirements for proposed ordinances that change the actual list of permitted, conditional, or prohibited uses within a zoning category. The district court recognized that "[u]nder Florida law, strict compliance with the notice requirements of the state statute is a jurisdictional and mandatory prerequisite to the valid enactment of a zoning measure." See Southern Entm't Co. of Fla., Inc. v. City of Boynton Beach, 736 F.Supp. 1094, 1102 (S.D. Fla. 1990) (citing Ellison v. City of Fort Lauderdale, 183 So. 2d 193 (Fla. 1966)). "Failure to follow the state statutory notice requirements render[s] a zoning ordinance void." Id.

The parties agree that, under Florida law, Monroe would be required to renew the enactment process if "substantial or material changes" were made to the Ordinance during the enactment process. The parties, however, disagree on what constitutes a substantial and material change. Plaintiffs contend that a substantial and material change includes (1) any change to a proposed ordinance that would alter the actual list of permitted, conditional, or prohibited uses or (2) a change necessary to secure legislative passage of the ordinance. Monroe counters by arguing that a substantial or material change includes only those changes to the original purpose of a proposed ordinance. The district court relied chiefly on an opinion by the Florida Attorney General and granted summary judgment to

5

Monroe because the original general purpose of the Ordinance remained consistent throughout the enactment process. See 1982 Fla. Op. Att'y Gen. 219, Fla. AGO 082-93.

We have doubt about the correct application of state law in this case. The Florida Supreme Court may review a question of law certified by this Court "which is determinative of the cause and for which there is no controlling precedent of the supreme court of Florida." FLA. CONST. art. V, § 3(b)(6). Finding no applicable supreme court precedent, we therefore certify to the Florida Court the following question:

> Whether, for purposes of Florida Statutes section 125.66(4)(b), a "substantial or material change" in a proposed ordinance during the enactment process (that is, the kind of change that would require a county to start the process over) is confined to a change in the "original general purpose" of the proposed ordinance, or whether a substantial or material change includes (1) a change to the "actual list of permitted, conditional, or prohibited uses within a zoning category," or (2) a change necessary to secure legislative passage of the ordinance?

We believe this state law question should be resolved by the Florida Supreme Court. In certifying this question, we do not intend to restrict the state court's consideration of the issues presented. We ask for the state court's help. "[L]atitude extends to the Supreme Court's restatement of the . . . issues and the manner in which the answers are given." Washburn v. Rabun, 755 F.2d 1404,

6

1406 (11th Cir. 1985).  To assist the state court, the entire record in this case and the briefs of the parties are transmitted herewith.

QUESTION CERTIFIED.