[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13610

_____

D. C. Docket No. 99-10054-CV-JCP



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2010
JOHN LEY
CLERK

ELIZABETH J. NEUMONT,
LAWRENCE F. SCHEITER,
DAVID J. THOMAS,
SUSANA ELENA THOMAS,
individually and on behalf of all
others similarly situated,

Plaintiffs-Appellants,

versus

STATE OF FLORIDA,
MONROE COUNTY, FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 2, 2010)

Before EDMONDSON and BARKETT,[*] Circuit Judges, and HUNT,[**] Senior District Judge.


PER CURIAM:


This case comes before us because Monroe County, Florida, enacted an Ordinance that restricts vacation rentals; and Plaintiffs -- a class of property owners in Monroe County -- sued to stop enforcement of the Ordinance. We earlier certified a question from this case to the Florida Supreme Court. Neumont v. Florida, 451 F.3d 1284 (11th Cir. 2006). As a result of the Florida Supreme Court's helpful opinion, we are now able to rule on the remaining issues. We affirm the District Court's decisions.[1]

---

[*]Judge Barkett was a member of the original panel but did not participate in this decision. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. Section 46(d).

[**]Honorable Willis B. Hunt, Jr., Senior United States District Judge for the Northern District of Georgia, sitting by designation.

[1]The District Court based some of its summary judgment rulings on other grounds. We can affirm a summary judgment on grounds other than those relied upon by the District Court. Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1354 (11th Cir. 2009).

I. Background

Monroe County enacted Ordinance 004-1997, restricting certain uses of property. This change in county policy prevented several home owners from continuing to rent out their homes as vacation rentals. Plaintiffs filed suit. Plaintiffs characterize the complaint as presenting essentially six claims against Monroe County spread across 13 counts.

Plaintiffs summarize their claims this way: (1) the Ordinance was enacted in a manner that deprived Plaintiffs of their property without due process of law in violation of the Fourteenth Amendment, (2) the Ordinance was prematurely enforced in a manner that deprived Plaintiffs of their property without due process of law in violation of the Fourteenth Amendment, (3) both on its face and as applied to Plaintiffs, the County's ban on vacation rentals effected a taking of private property without just compensation in violation of the Fifth and Fourteenth Amendments, (4) the Ordinance is void because it was enacted in violation of Florida Statutes § 125.66(4), (5) the Ordinance was prematurely enforced in violation of Florida Statutes § 380.05(6), and (6) both on its face and as applied to Plaintiffs, the County's ban on vacation rentals effected a taking of private property without just compensation in violation of Article X, § 6(a) of the Florida

3

Constitution.

The District Court dismissed the claims in a series of summary judgment proceedings. Plaintiffs appeal the dismissal of every claim as well as the District Court's refusal to grant discovery sanctions.

II. Florida Supreme Court Decision

After oral argument, we certified this question to the Florida Supreme Court:

Whether, for purposes of Florida Statutes section 125.66(4)(b), a "substantial or material change" in a proposed ordinance during the enactment process (that is, the kind of change that would require a county to start the process over) is confined to a change in the "original general purpose" of the proposed ordinance, or whether a substantial or material change includes (1) a change to the "actual list of permitted, conditional, or prohibited uses within a zoning category," or (2) a change necessary to secure legislative passage of the ordinance?

Neumont v. Florida, 451 F.3d 1284, 1287 (11th Cir. 2006). The Florida Supreme Court exercised its discretionary jurisdiction and answered our question.

Briefly stated, the Florida Supreme Court concluded that changes made to an ordinance during the enactment are only "substantial or material" if they change the ordinance's general purpose. Neumont v. Florida, 967 So. 2d 822, 825 (Fla. 2007). The Florida Supreme Court applied this definition to Monroe County's conduct by comparing the notice provided to the public in the initial

4

announcements to the final Ordinance. "Because the actual changes enacted by the ordinance conformed substantially with the notice provided to the public, we hold that the ordinance satisfies the general purpose test." Id. at 831. Defendant's method of enacting the Ordinance complied with Florida law.

## III. Discussion

As an initial matter, in the light of the Florida Supreme Court's decision, we affirm the District Court's decision to dismiss all claims alleging that the Ordinance was enacted in an unlawful manner. Defendant followed Florida law in enacting the Ordinance. We affirm the dismissal of claims 1 and 4.[2]

The claims relating to enforcement involve a purely legal question -- when does an administrative act become enforceable under Florida law? Plaintiffs allege that the Ordinance was not enforceable because Plaintiffs filed an appeal of the administrative act under Florida Statutes § 120.68.

---

[2]Plaintiffs contend that even if Defendant followed Florida law, Plaintiffs did not have "adequate notice and a meaningful opportunity to be heard as a matter of federal law." Plaintiffs raised no constitutional attack on the pertinent Florida statute, and so the constitutionality of Florida Statutes § 125.66 -- setting out procedures under which a county is empowered to enact an ordinance -- is not properly before us. By the way, this court has addressed the constitutionality of this statute before in a due process context and concluded it was not contrary to the Federal Constitution. First Assembly of God of Naples, Fla, Inc. v. Collier County, Fla., 20 F.3d 419, 421-22 (11th Cir. 1994).

Section 120.68 does provide for judicial review of administrative acts; but under its own terms, a petition filed under section 120.68 does not prevent the enforcement of an agency decision. "The filing of the petition does not itself stay enforcement of the agency decision . . . ." Fla. Stat. § 120.68(3). Because the statute says that Defendant was entitled to enforce the Ordinance when it did, we affirm the dismissal of claims 2 and 5.

The District Court next granted summary judgment for Defendant on the takings claims. These claims allege inverse condemnation, and Plaintiffs had not sought relief from this Ordinance in state court. The District Court concluded that Defendant met its burden of proof for summary judgment with "its single factual statement: 'None of the plaintiffs in the instant action has sought state court remedies for inverse condemnation based on Defendant's adoption and enforcement of the subject Ordinance.'" This statement is based on the parties' joint statement of facts submitted to the District Court.

Plaintiffs concede that they had not challenged Ordinance 004-1997 itself in state court. Plaintiffs contend that we should view the Ordinance as part of a larger regulatory effort to ban vacation rentals, an effort that they had challenged twice in Florida state courts.[3] In the alternative, Plaintiffs contend that they are exempt

---

[3]No state court ruled on the merits of either challenge; both cases were dismissed as moot.

6

from the exhaustion requirement because the state court process is inadequate or futile.

In Eide v. Sarasota County, we said that a plaintiff must "obtain a final decision regarding the application of **the** zoning ordinance or regulation to his or her property . . . ." 908 F.2d 716, 720-21 (11th Cir. 1990)(emphasis added). Both of the cases that Plaintiffs filed in state court were filed before the enactment of the Ordinance at issue in this case. Plaintiffs have an obligation to exhaust their state remedies for the specific ordinance and its application before they can challenge a taking under that ordinance in federal court. Challenging earlier, similar ordinances is not sufficient, especially when the state court never ruled on the merits of the earlier challenge. See Hacienda Valley Mobile Estates v. City of Morgan Hill, 353 F.3d 651, 659 (9th Cir. 2003) ("In Austin v. City of Honolulu, we held that unless the state courts have specifically heard the cause of action at issue and denied it, recourse to state courts cannot be considered futile.").

Plaintiffs raise a futility argument: Defendant, Plaintiffs say, will take action to moot the case before a court can rule on the merits. But we see this prediction as entirely speculative. For background, see M.T.V. v. Dekalb County Sch. Dist., 446 F.3d 1153, 1159 n.4 (11th Cir. 2006) (procedural failures in past administrative proceedings are not sufficient for futility arguments for later claims). We also

7

observe that Florida courts may hear a claim that is likely to recur yet evade review if it is otherwise moot under Florida law. Sims v. State, 998 So. 2d 494, 503 n.8 (Fla. 2008). We have not been persuaded that it would be futile to go to the state courts.

The final issue before us is the District Court's decision not to impose sanctions on Defendant for its conduct during discovery. Plaintiffs filed four motions to compel discovery. The District Court granted the motions to compel but declined to award sanctions. The District Court wrote that, "[t]he court finds that plaintiffs' counsel are not entitled to fees under Federal Rule of Civil Procedure 37(a)(4)(A) for two reasons: (1) Defendant's objections to discovery sought were substantially justified, and (2) other circumstances make an award of expenses unjust as described below."

Objections are substantially justified when "reasonable people could differ as to the appropriateness of the contested action." Maddow v. Procter & Gamble Co., 107 F.3d 846, 853 (11th Cir. 1997). Defendant's objections to the discovery were based on relevancy grounds.

Plaintiffs have not presented sufficient evidence that the District Court abused its considerable discretion in managing discovery and determining that reasonable people could differ in the appropriateness of Plaintiffs' discovery

requests. And because a determination of substantial justification by the District Court is sufficient to deny discovery sanctions, we do not need to decide whether the District Court was correct in also deciding that sanctions would be otherwise unjust.

IV. Conclusion

We affirm the final decision of the District Court. Based on the Florida Supreme Court's opinion and our own analysis of the law, Plaintiffs have no valid claims remaining.

AFFIRMED.