PER CURIAM.
We affirm the final judgment of dissolution but qualify the court’s treatment of a lot appellant held as trustee. The trial court held that pursuant to section 689.07, Florida Statutes (1987), the appellant was the fee simple owner of the lot, and therefore it could be treated as marital property and granted to the wife as part of equitable distribution. The purpose of the statute was to prevent fraud on persons who might rely on the record title when dealing with the grantee. Arundel Debenture Corp. v. Leblond, 139 Fla. 668, 190 So. 765 (1939). The wife is not a third party dealing with the grantee and relying on the title. Her interest can only amount to whatever interest her husband acquired. Therefore, the final judgment awarding her the lot can only be construed as awarding her appellant’s interest in the lot, whatever that may be. Therefore, the court’s final judgment does not act as res judicata in proceedings between the wife and other beneficiaries who were not parties to this action. On the other hand, the wife is not precluded from contesting any trust arrangement, which apparently is what occurred in separate proceedings.
GLICKSTEIN and WARNER, JJ., and JACK MUSSELMAN, Associate Judge, concur.