I2CARTER, Judge.
Kevin Joseph Hawkins and a eodefendant were indicted in counts one and three with two counts of aggravated rape and in counts two and four with two counts of aggravated kidnapping. Hawkins filed a motion to suppress his statement and confession, which was denied. He also filed a motion to sever the defendants, which was granted. The state entered a nolle prosequi as to counts two and four for both defendants. In response to the severance, the state deleted Hawkins from the original indictment and filed a separate indictment, charging him only with two counts of aggravated rape. See LSA-C.Cr.P. art. 705. He pled guilty to the two counts, reserving his right to appeal the court’s ruling on the motion to suppress the statement. See State v. Crosby, 338 So.2d 584, 586 (La.1976). He has appealed, urging two assignments of error.

FACTS

Because defendant pled guilty to the offenses, the facts were not fully developed. The two offenses of aggravated rape occurred on December 13, 1992, and January 28, 1993, and involved a different female victim in each offense. Evidence introduced at the motion to suppress hearing reveals that defendant, defendant’s younger brother, and Israel Davis committed the offenses by riding around the city of Houma until they located a young woman to abduct. In each case, when the woman got out of her car, one of the men threatened her with a gun and made her get back into her ear. Eventually, the victim was taken in her own car to a particular house. The initial plan was to commit a robbeiy, and each time the victim was promised she would not be hurt. However, at the house, the men raped each victim repeatedly. Each victim was threatened and led to believe that she would be killed, but eventually the men drove each victim to a location where they released her. Davis was indicted along with defendant, and he also pled guilty to two counts of aggravated rape. Davis’s appeal is not before the court at this time.[2] Defendant’s brother apparently died before the authorities had the opportunity to arrest him.
| ^DENIAL OF MOTION TO SUPPRESS STATEMENT
In the first assignment, defendant argues that the court erred in denying the motion to suppress the statement and the confession. In the second assignment, defendant asserts that the court erred in determining that his statement was given voluntarily and in compliance with constitutional requirements. In his brief, defendant does not attack the vol-untariness of his statement. Instead, he specifically argues that the state failed to prove that he was advised of his rights prior to the interrogation.
The state bears the burden of proving that an accused, who makes an inculpato-ry statement or confession during custodial interrogation, was first advised of his constitutional rights and made an intelligent waiver of those rights. State v. Green, 443 So.2d 531, 535 (La.1983); State v. James, 459 So.2d 28, 29-30 (La.App. 1st Cir.1984). Prior to any questioning, the accused must be advised that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. Miranda v. Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966).
*589 At the motion to suppress hearing, Lt. Johnny Lopez, Chief of Detectives for the Houma Police Department, testified that, after arresting defendant, he verbally advised defendant of his constitutional rights. At that time, defendant made no inculpatory statements. After his arrest, defendant was taken to the Terrebonne Parish Sheriffs Office where he was interviewed by Agents Michael MacClean and Susan Goldsmith of the Federal Bureau of Investigation. Mac-Clean testified that, prior to any questioning, he advised defendant of his Miranda rights. Using a form provided by the Sheriffs Office, MacClean told defendant that he had the right to remain silent, that anything he said could be used against him in court, that he had the right to talk to an attorney and to have an attorney present during questioning, that he had the right to appointed counsel if he could not afford an attorney, and that he had the right to stop answering questions at any time. Defendant initialed each of the rights and signed the form, acknowledging that he had been Ladvised of his rights. Goldsmith testified that she then read the remaining portion of the rights form, which stated that defendant had been read his rights, understood his rights, and was willing to waive the rights and make a statement. When Goldsmith finished, defendant signed the “waiver of rights” section of the form. After defendant had waived his rights, the questioning began, and, in a videotaped statement, defendant provided the investigators with information about the two offenses and admitted his involvement.
This testimony and the signed rights form, which was introduced into evidence, overwhelmingly refutes the claim made by defendant on appeal that he was not advised of his rights. Accordingly, the court did not err when it concluded that defendant had been advised of his rights.
Defendant takes issue with the transcription of his statement, which apparently was made from an audiocassette (and not from the videotape). He maintains that the transcript should not be introduced into evidence because the cassette has been lost and defendant did not attest to the accuracy of the transcript. At the hearing, the state announced that it had no intention of introducing the transcript because of inaccuracies. The prosecutor also admitted that the audio-cassette was missing. He speculated that the missing audiocassette was made from the videotape for use by the person who prepared the transcript. When the state asked if defendant had any complaint regarding the missing cassette, defense counsel replied, “None. No.” Because defendant did not present this issue before the trial court, he has failed to preserve any complaint which he might have concerning the transcript. Furthermore, the state’s announcement that it did not intend to introduce the transcript makes defendant’s complaint moot.
In his brief, defendant also asserts that his statement should be suppressed because the officers did not advise him of the charge for which he was arrested. Defendant did not include this issue in his motion to suppress, did not question the witnesses about this issue, and did not argue this issue before the trial court. Thus, he has not preserved the issue for appeal. Furthermore, Agents MacClean and Goldsmith both testified that, Rbefore the interview began, they explained to defendant why he was being questioned and the subject matter of the expected questions.
For these reasons, we find no merit in the assignments of error.
CONVICTIONS AND SENTENCES AFFIRMED.

. The appeal of Israel Davis was previously decided by this court in State v. Davis, 94-2332 (La.App. 1st Cir. 12/15/95), 666 So.2d400.