687 So.2d 842 (1996)
Robert M. BRAKE and Eileen M. Brake, Appellants,
v.
Eve E. MURPHY and Richard Murphy, Appellees.
No. 96-824.
District Court of Appeal of Florida, Third District.
December 26, 1996.
Rehearing Denied March 5, 1997.
Robert M. Brake, for appellants.
Richard T. Kozek, Jr.; Paul M. Kade, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and SHEVIN, JJ.
PER CURIAM.
Defendants Robert M. Brake and Eileen M. Brake appeal a final judgment setting aside as fraudulent two title transfers from Eileen M. Brake to Robert M. Brake. We reverse the judgment.
As a threshold issue, we are unpersuaded by the plaintiffs' argument that they were the proper parties to bring this action. Plaintiffs, heirs of the Estate of Eileen Murphy, brought the action to set aside fraudulent conveyances. Plaintiffs asserted that *843 Eileen Brake effected the transfers to avoid execution on a surcharge order in the Estate's favor. The surcharge was imposed as a result of her mismanagement of Estate property during her service as the Estate's personal representative. The surcharge order inured to the Estate's benefit. As such, the personal representative is the proper party to bring an action on the Estate's behalf. § 733.607, Fla.Stat. (1995).
Additionally, we find that the court erred in declining to rule on the Brakes' resulting trust affirmative defense. The trial court had equity jurisdiction to decide the resulting trust issue, an equitable claim. § 26.012(2)(c), Fla.Stat. (1995); see Espino v. Anez, 665 So.2d 1080 (Fla. 3d DCA 1995). We express no opinion as to the merits of this defense.
Based on the foregoing, we reverse the final judgment and remand for a new trial on all issues including the resulting trust affirmative defense. The personal representative shall be substituted as the proper party plaintiff. See Casa Linda Tile & Marble Installers, Inc. v. Highlands Place 1981, Ltd., 642 So.2d 766 (Fla. 4th DCA 1994).
Reversed and remanded.