KLEIN, J.
When Alvin and Rose Benjamin dissolved their marriage in 1989, they entered into a property settlement agreement which required Alvin to leave one-third of his estate to their two children, Karen and Susan, “and/or any of their issue.” After Rose died, a question arose as to the interpretation of this language, and Rose’s estate filed a complaint in the probate court for declaratory relief. When the probate court realized that Rose’s estate had no financial interest in the dispute, it dismissed the action. We affirm.
Karen, one of the children, died before her mother and had a daughter named Skylar. The question raised in the declaratory action was whether Alvin had to equally divide the one-third he was required to leave to his children, or whether he could leave the entire one-third to Susan.
When the personal representative of Rose’s estate, Philip Disque, became aware of the dispute, he filed the declaratory action asking the court to determine whether, as personal representative, he was obligated to enforce the agreement. He relied on a provision of the agreement which made it binding upon the parties’ *1123 “heirs, executors, administrators, legal representatives and assigns and shall inure to the benefit of [her] respective heirs, executors, administrators, legal representatives or assigns.” In the declaratory action, Alvin took the position that he was not required to leave one-half of the one-third to Skylar, and Skylar took the opposite position.
After motions to dismiss were denied, the parties filed cross-motions for summary judgment. At the hearing on the motions, the probate court, on its own, concluded that there was no reason for it to declare what Alvin was required to do with his will, because the result would have “absolutely no impact” on Rose’s estate. Alvin and the estate have appealed.
Section 733.602(1), Florida Statutes (2003), which describes the general duties of a personal representative, provides:
A personal representative is a fiduciary who shall observe the standards of care applicable to trustees as described by s. 737.302. A personal representative is under a duty to settle and distribute the estate of the decedent in accordance with the terms of the decedent’s will and this code as expeditiously and efficiently as is consistent with the best interests of the estate. A personal representative shall use the authority conferred by this code, the authority in the will, if any, and the authority of any order of the court, for the best interest of interested persons, including creditors, (emphasis added)
The parties do not contest the trial court’s conclusion that, no matter which way the dispute was resolved, it would be of no financial benefit to the estate. The appellants contend, however, that the probate court should have resolved the issue because the property settlement agreement authorized Rose’s estate to enforce it. The fact that the estate was authorized by the property settlement agreement to enforce it, however, does not satisfy the requirement of section 733.602(1), that the personal representative act in the best interest of interested persons.
In this case the persons interested in the estate, beneficiaries or creditors, have no interest in the dispute involving Alvin’s will. We accordingly agree with the trial court that, under these specific facts, where the estate could not benefit financially, and the dispute could be resolved in a lawsuit between all of the interested parties without the estate being a party, the estate should not be involved.
One of the arguments raised by the appellants is that they were denied due process when the trial court, on its own, dismissed the declaratory judgment action at the hearing on the motions for summary judgment, because none of the parties had requested dismissal at that point. If we were to remand for further proceedings, however, it would only delay the inevitable and the litigation expenses would reduce the amount of money in the estate.
When the personal representative found himself in a quandary as to whether to file this lawsuit, he should have sought court approval before filing the lawsuit, as is authorized by section 733.603, Florida Statutes (2003). When the trial court concluded, on its own, that pursuing this litigation was not in the best interest of the estate, it was simply doing what was contemplated by section 733.603. Because it is undisputed that the estate cannot benefit financially, and that further litigation will deplete the assets which would otherwise go to interested persons, there is no reason to prolong this proceeding.

Affirmed.

POLEN, J., concurs.
MAY, J., dissents with opinion.