974 So.2d 328 (2008)
Douglas K. RABORN, et al., Appellants,
v.
Deborah C. MENOTTE, etc., Appellee.
No. SC06-2461.
Supreme Court of Florida.
January 10, 2008.
*329 John R. Beranek of Ausley and McMullen, Tallahassee, FL, for Appellants.
John H. Pelzer of Ruden, McClosky, Smith, Schuster, and Russell, PA., Fort Lauderdale, FL, Morris G. (Skip) Miller of Ruden, McClosky, Smith, Schuster, and Russell, P.A., West Palm Beach, FL, and Michael R. Bakst of Elk, Christu, and Bakst, LLP, West Palm Beach, FL, for Appellee.
Robert W. Goldman of Goldman, Felcoski, and Stone, P.A., Naples, FL, and John W. Little, III of Brigham Moore, LLP, West Palm Beach, FL, on behalf of Real Property, Probate and Trust Law Section of The Florida Bar, as Amicus Curiae.
BELL, J.
We have for review two questions of Florida law certified by the United States Court of Appeals for the Eleventh Circuit. We have jurisdiction. See art. V, § 3(b)(6), Fla. Const. The first question is:
Whether, under Florida. Statutes section 689.07(1) as it existed before its 2004 amendment, this Deedwhich is a recorded real estate conveyance deed to a named trustee of a private express trust identified in the deed by name and date, and contains other language referring to the unrecorded trust agreement, the settlors, and the beneficiariesconveys only legal title to the property in trust to the grantee as trustee.
In re Raborn, 470 F.3d 1319, 1324 (11th Cir.2006). We answer this question in the affirmative.
The Eleventh Circuit also certified a second question should we determine that the deed conveys fee simple title:
Whether, as a matter of Florida law, the 2004 statutory amendment to Florida Statutes section 689.07(1) applies retroactively to the Deed in this particular case and causes the Deedin the light of the amendmentto convey only legal title to the grantee in trust.
Id. at 1324-25 (footnote omitted). Because we determine that the deed conveys mere legal title to the grantee as trustee, the second question is moot.

I. FACTUAL AND PROCEDURAL BACKGROUND
The Eleventh Circuit's opinion sets forth the relevant facts:
In 1991, Robert E. Raborn and his wife, Lenore B. Raborn ("Settlors" or "Grantors"), attempted to establish a trust for their children, Douglas, Robin, and Richard ("Beneficiaries"). The corpus of the trust was the Raborn family horse farm. On 25 January 1991, the Settlors executed two documents. The first document, entitled "Raborn Farm Trust Agreement" ('Trust Agreement"), named Mr. and Mrs. Raborn as Settlors; Douglas Raborn as Trustee; and Douglas, Robin, and Richard as Beneficiaries of the trust. The Trust Agreement also set forth the specific terms and purposes of the trust, including the broad powers of Douglas Raborn as Trustee to deal with trust property. Before the current dispute arose, the Trust Agreement was not recorded in the public records.
The second document, entitled "Conveyance Deed to Trustee Under Trust Agreement" ("Deed"), was recorded in the Palm Beach County real estate records *330 on 5 February 1991. The dispute in this case concerns the meaning and effect of this document. The Deed names Mr. and Mrs. Raborn as "Settlors under the Raborn Farm Trust Agreement dated January 25, 1991" and conveys the farm to "Douglas K. Raborn, as Trustee under the Raborn Farm Trust Agreement dated January 25, 1991." According to the Deed, the Trustee is "to have and to hold the said real estate with the appurtenances upon the trust and for the uses and purposes herein and in said Trust Agreement set forth." The Deed repeatedly refers to the Trust Agreement and acknowledges the Trustee's broad powers to deal with the property. The Settlors signed the Deed and swore before a notary public that "they executed said instrument for the purposes therein expressed."
On 24 August 2001, Douglas Raborn filed for Chapter 7 Bankruptcy. The Bankruptcy Trustee filed an adversary proceeding against the Beneficiaries of the trust, alleging that the farm was part of the bankruptcy estate. The Bankruptcy Trustee argued that, under Florida Statutes section 689.07(1), the 1991 Deed actually conveyed fee simple title to Douglas individually, rather than conveying mere legal title to Douglas in his capacity as Trustee of the trust. . . .
Determining that the property was conveyed to Douglas in his capacity as Trustee of the trust, the bankruptcy court concluded that the farm was not part of the bankruptcy estate and dismissed the Bankruptcy Trustee's complaint for failure to state a claim. On appeal, the district court reversed the bankruptcy court ("Raborn I"). The district court determined that the Deed did not meet the statutory conditions that would have made the Deed a conveyance in trust and that, therefore, the Deed conveyed fee simple title to Douglas in his individual capacity rather than conveying mere legal title to Douglas as Trustee. We then dismissed the Beneficiaries' appeal to this Court because the bankruptcy court had not issued a final order. On remand, the bankruptcy court followed the district court's earlier order and granted the Bankruptcy Trustee's motion for summary judgment.
In 2004, the Florida Legislature, however, added an amendment to section 689.07(1). Responding to Raborn I and a request by the Real Property, Probate and Trust Section of the Florida Bar, the Legislature amended the statute to add a fifth condition that would cause a conveyance to be in trust: language in the deed identifying the trust by either name or date. This 2004 bill expressly provided that the amendment "was intended to clarify existing law and shall apply retroactively." Ch.2004-19, 2, Laws of Florida.
On a second appeal from the bankruptcy court, the district court applied the same reasoning as its previous order, affirmed summary judgment for the Bankruptcy Trustee, and denied equitable relief for the Beneficiaries ("Raborn II"). The district court determined that "the Conveyance Deed does not on its face otherwise reflect a `contrary intention' of the grantors" to convey the property in trust. The district court also concluded that the Bankruptcy Trustee's rights to the property had vested when the bankruptcy was filed in 2001 and that retroactive application of the 2004 statutory amendment would be unconstitutional. This appeal followed.
In re Raborn, 470 F.3d at 1320-22 (footnotes omitted).
The Eleventh Circuit was unable to determine whether, under Florida law, Douglas Raborn holds fee simple title or mere *331 legal title to the Raborn family farm. See id. at 1324. Thus, as stated earlier, it certified two questions to this Court.

II. DISCUSSION
Again, the first certified question asks: Whether, under Florida Statutes section 689.07(1) as it existed before its 2004 amendment, this Deed  which is a recorded real estate conveyance deed to a named trustee of a private express trust identified in the deed by name and date, and contains other language referring to the unrecorded trust agreement, the settlors, and the beneficiaries  conveys only legal title to the property in trust to the grantee as trustee.
In re Raborn, 470 F.3d at 1324. To answer this question, we first must construe section 689.07(1), Florida Statutes (2001), as it existed prior to its 2004 amendment.[1] Section 689.07(1) reads:
Every deed or conveyance of real estate heretofore or hereafter made or executed, in which the words "trustee" or "as trustee" are added to the name of the grantee, and in which no beneficiaries are named nor the nature and purposes of the trust, if any, are set forth, shall grant and is hereby declared to have granted a fee simple estate with full power and authority in and to the grantee in such deed to sell, convey, and grant and encumber both the legal and beneficial interest in the real estate conveyed, unless a contrary intention shall appear in the deed or conveyance; provided, that there shall not appear of record among the public records of the county in which the real property is situate at the time of recording of such deed or conveyance, a declaration of trust by the grantee so described declaring the purposes of such trust, if any, declaring that the real estate is held other than for the benefit of the grantee.
689.07(1), Fla. Stat. (2001) (emphasis added).
Though inartfully drafted, section 689.07(1) is unambiguous. A "deed or conveyance of real estate" that simply adds the words "trustee" or "as trustee" to the grantee's name is "declared to have granted a fee simple estate," unless a declaration of trust is of record when the deed is recorded, or the deed itself either names any beneficiaries or the nature and purpose of the trust, if any, or facially expresses a contrary intention. See One Harbor Fin. Ltd. v. Hynes Props., LLC, 884 So.2d 1039, 1043 (Fla. 5th DCA 2004). In other words, a deed that simply refers to the grantee as "trustee" conveys a fee simple estate in Florida with three exceptions. These three exceptions are: (1) the deed names the beneficiaries or states the nature and purpose of the trust; (2) the deed expresses a contrary intention; or (3) a declaration of trust is of record. See id.
In this case, the deed itself clearly expresses that the grantors, Robert and Lenore Raborn, intended to deed the Raborn family farm to Douglas Raborn in trust. Thus, the deed falls under the "contrary intention" exception in section 689.07(1). This "contrary intention" is expressed in the deed in multiple ways. First, the deed is entitled "Conveyance Deed to Trustee Under Trust Agreement." In re Raborn, 470 F.3d at 1321. It then identifies Robert and Lenore Raborn as "Settlers' under the Raborn Farm Trust Agreement dated January 25, 1991" and conveys the farm to Douglas Raborn, not simply as "trustee" or "as trustee," but "as Trustee under the Raborn Farm Trust Agreement dated January 25, 1991." Id. *332 The deed then amplifies the limited nature of the conveyance by stating that the trustee is "to have and to hold the said estate with the appurtenances upon the trust and for the uses and purposes herein and in said Trust Agreement set forth." Id. Moreover, the deed repeatedly refers to the Trust Agreement and acknowledges the Trustee's broad power to deal with the property. Id. Finally, the grantors/settlors signed the deed and swore before a notary public that they "executed said instrument for the purposes therein expressed." Id. In light of these facts, though no beneficiaries are named and the nature and purpose of the trust is not stated, this deed expresses the grantor's clear intent to deed the Raborn family farm to Douglas Raborn to be held in trust in accordance with the Raborn Farm Trust, Agreement dated January 25, 1991.
Accordingly, section 689.07(1) does not operate to declare that this deed conveyed a fee simple estate to the grantee.[2] Instead, Douglas Raborn holds mere legal title as trustee.
This interpretation is consistent with the long-understood purpose of section 689.07(1). As this Court has explained, the Legislature enacted section 689.07(1) for the purpose of preventing secret trusts to protect those "who might subsequently rely upon the record when dealing with the grantee." Arundel Debenture Corp. v. Le Blond, 139 Fla. 668, 190 So. 765, 767 (1939) (construing the predecessor statute to section 689.07(1)); see also One Harbor, 884 So.2d at 1043 ("The purpose of section 689.07 is `to protect persons who rely upon the public land records to ascertain title to real property when a beneficiary's interest is not disclosed in the grantor/grantee index by either the deed transferring title or a recorded declaration of trust."). "The statute prevents `secret trusts' that impede the exchange of marketable title by vesting both the legal and beneficial interest in the trustee, unless a contrary intention appears in the deed or conveyance, or a declaration of trust is recorded." One Harbor, 884 So.2d at 1043; see also Callava v. Feinberg, 864 So.2d 429 (Fla. 3d DCA 2003); Meadows v. Citicorp Leasing, Inc., 511 So.2d 622, 623 (Fla. 5th DCA 1987). This concern regarding secret trusts is not present if the "deed or conveyance of real estate" sufficiently informs a third party that the grantor's intent was only to convey mere legal title. In such a case, a third party is on notice that the grantee only holds the property in trust.

III. CONCLUSION
Given the above, we answer the first certified question in the affirmative. Under section 689.07(1), Florida Statutes (2001), the deed in question, which conveys real property to a grantee as trustee of a private express trust identified by its name and date and which also bears numerous references to the trust agreement, the settlors, and the beneficiaries, conveys mere legal title to that grantee. Having answered this first question, we decline to answer the second certified question as it is moot.
It is so ordered.
*333 LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, and CANTER, JJ., concur.
NOTES
[1] In 2004, the Florida Legislature amended section 689.07(1.) in response to the U.S. District Court's decision in Raborn I. Ch.2004-19, § 1, Laws of Fla.
[2] As noted by the amicus curiae and undisputed by the appellant, this result is consistent with the standard practice in Florida. Florida lawyers and their clients have long understood and relied on the fact that specifically identifying the trust by its name or date in a deed is sufficient to indicate the grantor's intention to convey real property in trust and thus avoid any contrary dictate of section 689.07(1). See Administration of Trusts in Florida, 14.11 (Fla. Bar Cont'ng Legal Educ. 3rd ed.2001).