[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13711
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:09-cv-01618-MSS-DAB


TANYA TENNYSON,

                                                                    Plaintiff-Appellant,

versus

ASCAP,
(American Society of Composers, Authors & Publishers),
THE HARRY FOX AGENCY, INC.,
THE ROYALTY NETWORK,
MPL COMMUNICATIONS,
UNIVERSAL MUSIC GROUP INC., et al.,

                                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 18, 2012)

Before CARNES, HULL, and BLACK, Circuit Judges.

PER CURIAM:

Tanya Tennyson, proceeding pro se, appeals the district court's dismissal of her amended complaint against several defendants, including the American Society of Composers, Authors & Publishers; The Harry Fox Agency, Inc.; The Royalty Network; MPL Communications; Universal Music Group, Inc.; Warner Music Group Corp.; Sony Music Entertainment; and EMI Music Publishing (collectively, the defendants).[1] She contends that the district court erred by concluding that she lacked standing, and she also challenges the court's alternative holding that she failed to state a claim for fraud, copyright infringement, or breach of contract.

I.

According to Tennyson's amended complaint, her father William "Bill" Tennyson, Jr., was a songwriter who had "contracts with numerous music publishers in New York City" before his death in 1959.[2] Tennyson's amended complaint claims that the defendants "committed antitrust activity against the estate" of her father. Among other things, she alleges that the defendants

---

[1] Tennyson's amended complaint lists additional defendants, but she did not serve them with process.

[2] "[I]n reviewing motions to dismiss we accept as true the facts stated in the complaint and all reasonable inferences" derived from those facts. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).

2

conspired to divert her father's royalty earnings from "his successors" and that they breached "songwriters contracts" to avoid paying the royalties to the successors. She claims that the defendants engaged in copyright infringement and that they "conspired against her so that she would not be able to recover her inheritance." She seeks $350,000,000 in damages.

The defendants filed a motion to dismiss contending that Tennyson lacked standing to pursue any claims on behalf of her father's estate and that she failed to state a claim for relief. The district court determined that Tennyson's amended complaint alleged injury only to Bill Tennyson's estate. The court noted that Tennyson did not claim that she was the estate's personal representative or that she had any standing to represent the estate in court. As a result she had no standing to assert claims on the estate's behalf. The court also ruled that she lacked standing to assert a civil claim against the defendants for violating federal antitrust laws. Finally, the district court held under Federal Rule of Civil Procedure 12(b)(6) that Tennyson's amended complaint failed to state any claims, and her vague and conclusory antitrust and fraud allegations failed to comply with Rule (9)(b). This is Tennyson's appeal.

II.

We review de novo a district court's dismissal for either lack of subject

3

matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or for failure to state a claim under Fed. R. Civ. P. 12(b)(6). <u>Christian Coal. of Fla., Inc. v. United States</u>, 662 F.3d 1182, 1188 (11th Cir. 2011); <u>Catron v. City of St. Petersburg</u>, 658 F.3d 1260, 1264 (11th Cir. 2011). We also review <u>de novo</u> questions of law, <u>Keeton v. Anderson-Wiley</u>, 664 F.3d 865, 868 (11th Cir. 2011), and issues of constitutional standing, <u>Florida ex rel. Atty. Gen. v. U.S. Dept. of Health & Human Servs.</u>, 648 F.3d 1235, 1243 (11th Cir. 2011).

We liberally construe <u>pro se</u> pleadings, <u>Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th Cir. 2007), and <u>pro se</u> briefs, <u>Timson v. Sampson</u>, 518 F.3d 870, 874 (11th Cir. 2008). But a <u>pro se</u> party must "follow the rules of procedure and evidence, and the district court has no duty to act as [her] lawyer." <u>United States v. Ly</u>, 646 F.3d 1307, 1315 (11th Cir. 2011) (citation omitted).

III.

In her brief to this Court Tennyson contends that her family members, who are not parties to this appeal, have mishandled her father's estate:

> The Plaintiff was further shocked to find that her brother who had been given power of attorney as proxy administrator of her father, Bill Tennyson's estate, by agreement of her other brother, her sister and her mother, had proceeded to represent the "Tennyson family" without notifying her, keeping all information secret from the Plaintiff. Decisions were made by the Plaintiff's brother and the rest of the "Tennyson Family" that adversely affected the Plaintiff, Tanya

4

Tennyson because they had reached some type of satisfactory agreement amongst themselves, but refused to discuss Bill Tennyson's music with the Plaintiff Tanya Tennyson at all, while the Plaintiff's mother and brother shared information about Bill Tennyson and his music with the Plaintiff's daughter instead.

Appellant Br. at 2. Tennyson argues that she has standing to bring this lawsuit because:

> The Plaintiff's Father's musical "properties" are partially owned by Plaintiff through inheritance. If the "administrator (Plaintiff's mother) and her proxy (Plaintiff's brother) failed or did not want to act in behalf of Bill Tennyson's "estate", and/or excluded Plaintiff, it is the Plaintiff's responsibility and right to claim compensation for personal damages caused by the defendants, and to act in my own behalf in a separate case to collect my share of my Father's income, which is what I have done."

Id. at 6. The allegations that Tennyson makes on her own behalf are based on her dispute with her family members over how the estate should be administered and divided, but none of her family members are defendants. Her claims against the defendants are based on the allegation that the defendants caused the estate of her father to suffer damages.

Only a real party in interest has the capacity to bring a lawsuit. See Fed. R. Civ. P. 17(a), (b).[3] The purpose of that rule "is to enable the defendant to avail

---

[3]As the Tenth Circuit has explained:

Federal Rule of Civil Procedure 17 governs both the determination of a party's capacity to sue and be sued and his or her status as the real party in interest. The "real party in interest" principle requires that an action "be brought in the name of the

5

himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter." Celanese Corp. of Am. v. John Clark Indus., 214 F.2d 551, 556 (5th Cir. 1954).[4] "The capacity doctrine relates to the issue of a party's personal right to litigate in a federal court," Glickstein v. Sun Bank/Miami, N.A., 922 F.2d 666, 670 (11th Cir. 1991), abrogated on other grounds by Saxton v. ACF Indus., Inc., 254 F.3d 959, 963 (11th Cir. 2001) (quotation marks omitted).

To determine whether Tennyson has the capacity to bring this lawsuit, we look to the law of the state where the federal district court sits, which is Florida. See id. Under Florida law the only party who has the capacity to sue on behalf of an estate is the duly appointed legal representative of the estate. See Brake v. Murphy, 687 So. 2d 842, 843 (Fla. 3d DCA 1996); see also Fla. Stat. Ann. § § 733.607(1). Tennyson concedes in her brief to this Court that she is not the personal representative of her father's estate. Instead, she refers to her mother as

---

party who possesses the substantive right being asserted under the applicable law."

Esposito v. United States, 368 F.3d 1271, 1273 (10th Cir. 2004) (quoting 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1541 at 321 (2d ed.1990)).

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

the administrator, Appellant Br. at 6,  and to her brother as the "proxy administrator" of the estate, id. at 2.  She also she asserts that her brother "failed to perform the responsibilities of executorship, and sought to manage the music domain of Bill Tennyson without regard to her" as a beneficiary.  Id. at 10. Tennyson claims that the defendants caused damages to her father's estate, but she cannot assert that claim because she is not the real party in interest.  See Fed. R. Civ. P. 17(a).  Tennyson lacks the capacity to bring a lawsuit against the defendants on behalf of the estate, and for that reason her claims were properly dismissed.[5]

**AFFIRMED.**

---

[5]The district court reached that conclusion by analyzing those claims in terms of standing instead of capacity, but the result is the same.  We may affirm the district court's judgment on any basis supported by the record.  Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1062  (11th Cir. 2007).