# Third District Court of Appeal

**State of Florida**

Opinion filed April 27, 2016.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D15-376
Lower Tribunal Nos. 11-3672 & 08-1878

————————————

**Ira D. Giller and Anita Grossman, etc.,**
Appellants,

vs.

**Brian J. Giller, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Bernard S. Shapiro, Judge.

Harper Meyer Perez Hagen O'Connor Albert & Dribin LLP and Michael A. Dribin and Michael V. Arroyave, for appellant Ira D. Giller; William C. Hearon, for appellant Anita Grossman; Gordon & Rees LLP and David M. Gersten and Christopher A. Noel, for appellants.

Lerman & Whitebook, P.A. and Carlos D. Lerman (Hollywood), for appellee Brian J. Giller.

Before ROTHENBERG, LAGOA, and SALTER, JJ.

LAGOA, J.

The appellants, Ira D. Giller and Anita Grossman, as co-personal representatives of the Estate of Norman M. Giller ("Personal Representatives"),

appeal from an order granting the appellee, Brian J. Giller's ("Brian"), motion to dismiss the first amended complaint with prejudice. Because the Personal Representatives' First Amended Complaint states a legally sufficient cause of action under section 689.07(1), Florida Statutes (2011), we reverse and remand for further proceedings.

I.    FACTUAL HISTORY

The Personal Representatives and Brian[1] are the surviving children of Norman M. Giller ("Norman"). Norman died on April 18, 2008, and his last will and testament, executed on March 24, 2000, was admitted to probate on May 27, 2008. The Personal Representatives were subsequently appointed as co-personal representatives of the Estate of Norman M. Giller (the "Estate"). The probate proceeding is pending in the Eleventh Circuit's Probate Division, and is styled In Re Estate of Norman M. Giller, Case No. 08-1878 CP 05.

The Personal Representatives filed a Complaint for declaratory relief on September 28, 2011, which sought a declaration that, pursuant to section 689.07(1), Florida Statutes (2011), six[2] parcels of real property (the "properties")

---

[1] Brian's children, Jason and Jamie Giller, are also named as respondents below as interested parties by virtue of their beneficiary status in the Brian J. Giller Trust. The Personal Representatives and Brian are equal beneficiaries under Norman's will. The Personal Representatives' shares are devised outright to them, but Brian's share is devised in trust for the benefit of Brian and his issue with Anita Grossman designated as trustee.

[2] The Complaint originally sought declaratory relief for seven properties. On May 11, 2012, the Personal Representatives withdrew their claim related to the property

titled in the name of "Norman Giller, Trustee" were actually owned in fee simple by Norman as of the date of his death, and that the properties became the assets of the Estate subject to probate administration as of the date of his death. Although the deeds refer to "Norman Giller, Trustee," they do not reference the name or date of any trust, the beneficiary of any trust, or the nature or purpose of any trust. The Personal Representatives alleged that in administering the Estate, they discovered that these properties were being controlled and managed as rental properties by Brian, and that Brian remained silent in response to their inquiries regarding any trust instruments pertaining to the properties. The Personal Representatives further alleged that they could not render a complete administration and distribution of Norman's Estate until it is determined whether the properties are assets of the Estate.

Brian filed an Answer and Affirmative Defenses. As his Third Affirmative Defense, Brian asserted that the Personal Representatives "lack standing to sue under section 689.07(1) because they are not a subsequent purchaser of one of the subject Properties[,] a mortgagee or lienholder[,] or creditor of the Estate, who are the only classes of persons to which 689.07(1) is available." He also raised failure to state a cause of action as his Seventh Affirmative Defense, asserting that section

---

described in deed number 6 ("lot 6"), apparently because they became aware of the fact that on June 13, 2005, Norman recorded in the public records of Brevard County an Affidavit of Trust with respect to that property. The Affidavit of Trust stated that Norman was the trustee under the Norman M. Giller Trust.

689.07(1) "does not apply until after a subsequent conveyance of the property from the grantee who 'as Trustee' takes title."

At the June 25, 2012, hearing, Brian argued that he is the owner of the properties in his capacity as successor trustee of the Norman M. Giller Trust. Brian presented the probate court with an excerpt[3] of the Norman M. Giller Trust agreement, which was dated "as of December 30, 1988." The excerpt of the Norman M. Giller Trust agreement contained no reference to the properties. Indeed, it is apparently undisputed that none of the public records of the various counties in which the properties are located contain a declaration of trust executed by Norman declaring the purposes of the Norman M. Giller Trust or referencing these properties.

In August, 2012 – after the hearing – Brian recorded two documents, each entitled "declaration of trust and trustee's affidavit" (collectively, "Brian's declarations of trust"). In Brian's declarations of trust, Brian attests that he is the sole successor trustee of the Norman M. Giller Trust dated December 30, 1988, and that he is familiar with the complete trust agreement; that at the time of the acquisition of the properties Norman intended to and did take title to them as the then current trustee of the Norman M. Giller Trust; and that Norman resigned as

---

[3] The record on appeal does not contain a full and complete copy of the Norman M. Giller Trust Agreement, nor is it clear that the document was presented to the trial court.

trustee as of December 31, 2005, and thereupon Brian accepted the responsibilities of serving as the sole successor trustee.

The Personal Representatives subsequently filed a Motion for Summary Judgment arguing that because the deeds, on their face and when read in conformity with section 689.07(1), conveyed title to Norman in fee simple, the properties were part of Norman's estate at the time of his death. On March 13, 2013, the probate court entered an order denying the Personal Representatives' Motion for Summary Judgment, concluding that the Personal Representatives lack standing to bring the action. Relying upon Raborn v. Menotte, 974 So. 2d 328 (Fla. 2008), Callava v. Feinberg, 864 So. 2d 429 (Fla. 3d DCA 2003), and Adams v. Adams, 567 So. 2d 8 (Fla. 4th DCA 1990), the probate court held that "[t]he Personal Representatives are not 'subsequent parties' dealing with the properties which are the subject of the Action, and as a result are not entitled to the relief they seek under § 689.07(1), Fla. Stat."

Subsequently, the Personal Representatives filed a First Amended Complaint, adding a count for quiet title (count II).[4] On November 7, 2013, Brian filed a Motion to Dismiss the First Amended Complaint, which raised the same argument he successfully raised in opposition to the Personal Representatives' Motion for Summary Judgment i.e., the Personal Representatives failed to state a

---

[4] The First Amended Complaint incorporated by reference the allegations contained in the Complaint for declaratory relief as count I.

cause of action for declaratory relief pursuant to section 689.07(1) because they are not parties who relied on the public records in acquiring an interest in the properties.

On February 5, 2014, the probate court entered an order dismissing count I (declaratory relief) of the First Amended Complaint with prejudice, but denied the motion as to count II (quiet title). The Personal Representatives subsequently voluntarily dismissed count II of the First Amended Complaint without prejudice on January 20, 2015. This appeal ensued.

II.     STANDARD OF REVIEW

In reviewing an order granting a motion to dismiss, our standard of review is *de novo*. See Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081 (Fla. 3d DCA 2014); see also Putnam Cnty. Envtl. Council, Inc. v. Board of Cnty. Comm'rs of Putnam Cnty., 757 So. 2d 590, 594 (Fla. 5th DCA 2000) ("[W]e note that the standard of review for the dismissal of a complaint for failure to allege facts establishing the plaintiff's standing is *de novo* review.").

III.    ANALYSIS

On appeal, the Personal Representatives argue that they are entitled to seek relief under section 689.07(1) and that the trial court erred in granting Brian's Motion to Dismiss. We agree.

"The purpose of a motion to dismiss is to test the legal sufficiency of the complaint." Pac. Ins. Co. v. Botelho, 891 So. 2d 587, 590 (Fla. 3d DCA 2004).

6

When considering a motion to dismiss, the trial court must accept the well-pled allegations of the complaint as true, and may not go beyond the four corners of the complaint in considering the legal sufficiency of the allegations. See Minor v. Brunetti, 43 So. 3d 178 (Fla. 3d DCA 2010); Pac. Ins. Co., 891 So. 2d at 587; Provence v. Palm Beach Taverns, Inc., 676 So. 2d 1022 (Fla. 4th DCA 1996). Moreover, a motion to dismiss cannot be granted based on an affirmative defense unless the defense appears on the face of a pleading. Pac. Ins. Co., 891 at 590. To that end, and particularly relevant here, a motion to dismiss is not a substitute for a motion for summary judgment. Perry v. Schlumbrecht, 724 So. 2d 1239 (Fla. 2d DCA 1999); accord Consuegra v. Lloyd's Underwriters at London, 801 So. 2d 111, 112 (Fla. 2d DCA 2001) ("[A] motion to dismiss for failure to state a cause of action is not a substitute for a motion for summary judgment, and in ruling on such a motion, the trial court is confined to a consideration of the allegations found within the four corners of the complaint.").

We begin our analysis by noting that the Personal Representatives are duly appointed legal representatives of the Estate, with the capacity to bring an action on the Estate's behalf and charged with the obligation to take possession of Norman's property for purposes of administration. See §§ 733.602; 733.607(1), Fla. Stat. (2011); Tennyson v. ASCAP, 477 F. App'x 608 (11th Cir. 2012); Sullivan v. Sessions, 80 So. 2d 706 (Fla. 1955); Brake v. Murphy, 687 So. 2d 842 (Fla. 3d DCA 1996); cf. Disque v. Unger, 955 So. 2d 1121 (Fla. 4th DCA 2007)

7

(holding that trial court properly dismissed estate's complaint for declaratory relief where outcome would be of no financial benefit to estate). To that end, the Personal Representatives sought a declaratory judgment from the trial court that under the provisions of section 689.07(1), the properties are assets of the Estate subject to probate administration. As such, the issue here is whether the Personal Representatives stated a claim for a declaratory judgment sufficient to survive a motion to dismiss. Section 689.07(1) states:

> (1) Every deed or conveyance of real estate heretofore or hereafter made or executed in which the words "trustee" or "as trustee" are added to the name of the grantee, and in which no beneficiaries are named, the nature and purposes of the trust, if any, are not set forth, and the trust is not identified by title or date, shall grant and is hereby declared to have granted a fee simple estate with full power and authority in and to the grantee in such deed to sell, convey, and grant and encumber both the legal and beneficial interest in the real estate conveyed, unless a contrary intention shall appear in the deed or conveyance; provided, that there shall not appear of record among the public records of the county in which the real property is situate at the time of recording of such deed or conveyance, a declaration of trust by the grantee so described declaring the purposes of such trust, if any, declaring that the real estate is held other than for the benefit of the grantee.

"Though inartfully drafted, section 689.07(1) is unambiguous." Raborn, 974 So. 2d at 331. The statute provides that every deed in which the words "trustee" or "as trustee" are added to the name of the grantee "and in which no beneficiaries are named, the nature and purposes of the trust, if any, are not set forth, and the trust is

8

not identified by title or date," is declared to have granted a fee simple estate to the grantee, unless a contrary intention appears in the deed or a declaration of trust by the grantee is of record at the time of the recording of the deed.

In the First Amended Complaint, the Personal Representatives allege that there are six properties titled in the name of "Norman Giller, Trustee," and that the deeds do not contain the title and date of any trust, the names of any beneficiaries, or the nature or purpose of any trust. They further allege that the public records do not contain any separate recording of the trust or declaration of trust. As there is no evidence on the face of the deeds indicating a contrary intent, the Personal Representatives, pursuant to their fiduciary responsibilities, seek a declaration that, pursuant to section 689.07(1), Norman held fee simple title to the properties on the date of his death. These allegations are clearly sufficient under the plain language of the statute. See Raborn, 974 So. 2d at 328 (stating that under section 689.07(1), a deed that simply refers to grantee as "trustee" conveys a fee simple estate, and applying the statute to find that deed at issue fell under "contrary intention" exception such that grantee held mere legal title as trustee); One Harbor Fin. Ltd. v. Hynes Props., LLC, 884 So. 2d 1039 (Fla. 5th DCA 2004) (holding that trial court correctly applied section 689.07(1) to find that grantee who held title "as trustee" owned property in fee simple absolute); Heiskell v. Morris, 40 Fla. L. Weekly D2809, D2811 (Fla. 5th DCA Dec. 18, 2015) (summarizing section 689.07(1) to stand for the proposition that "if the only hint in a deed that the

9

underlying property might be held in trust is the addition of the words 'trustee' or 'as trustee' to the grantee's name, the deed is deemed to have granted a fee simple estate"). Significantly, section 689.07(1) does not state that its application is limited to the benefit of "subsequent parties" or instances where a third-party has relied on the deed in the public record, and it certainly does not preclude an action by the personal representatives of the grantee's estate to determine ownership of properties to which the grantee purportedly took title as trustee.

Brian asserted in his Motion to Dismiss that section 689.07(1) has no application to this case, and the Personal Representatives are not "entitled" to relief under section 689.07(1), because they are not parties who relied on the public records in acquiring an interest in the properties. In support of his argument, Brian cites to language in various cases addressing the purpose of section 689.07(1). See Raborn, 974 So. 2d at 328 (explaining that the legislature enacted section 689.07(1) for the purpose of preventing secret trusts to protect those who might subsequently rely upon the record in dealing with grantee); One Harbor, 884 So. 2d at 1043 ("The purpose of section 689.07 is to protect persons who rely upon the public land records to ascertain title to real property when a beneficiary's interest is not disclosed in the grantor/grantee index by either the deed transferring title or a recorded declaration of trust."); Callava, 864 So. 2d at 431-32 ("The purpose of Section 689.07 is 'to prevent fraud being perpetrated upon persons who might subsequently rely upon the record when dealing with the grantee.'" (quoting

10

<u>Meadows v. Citicorp Leasing, Inc.</u>, 511 So. 2d 622, 623 (Fla. 5th DCA 1987)));

<u>Adams</u>, 567 So. 2d at 8 ("The purpose of the statute was to prevent fraud on persons who might rely on the record title when dealing with the grantee."). Notably, none of these cases address the issue of standing or "entitlement" of the personal representatives of a decedent-grantee to seek relief based on the operation of section 689.07(1), and none limit the class of parties entitled to relief under subsection (1) to "subsequent parties."

Moreover, this Court's precedent supports our conclusion that a grantee's personal representative may seek a determination regarding ownership under section 689.07(1). In <u>Turturro v. Schmier</u>, 374 So. 2d 71 (Fla. 3d DCA 1979), the personal representative of the decedent's estate claimed title to the property under section 689.07 by virtue of a deed[5] conveying a remainder to the decedent, "Morris Siegel, as Trustee," and specifically alleged that the estate was the fee simple title holder to which the property reverted upon the demise of the holder of the life estate. This Court held that the trial court properly entered summary final judgment in favor of the personal representative, reasoning that

> [section] 689.07, Florida Statutes (1977) provides that if the word "trustee" is added to the name of the grantee,

---

[5] The deed at issue read:

> To have and to hold all and singular the above described premises, together with the appurtenances and every part thereof, unto the said Marge M. Smith and her assigns for and during her natural life, and upon her death, then unto Morris Siegel, as Trustee.

11

and there is no apparent trust purpose and no named beneficiary of the trust, the grantor is deemed to have granted a fee simple estate to the grantee. Clearly, when the deed is read in conjunction with the statute, a fee simple estate in favor of the appellees [the personal representative of the estate of Morris Siegel] is evident.

Id. at 74. In reaching its conclusion, this Court noted that the purpose of the statute is "to prevent a fraud from being perpetrated on a subsequent transferee who might rely on the record and be unaware of a secret trust creating ownership in another." Id. The fact of whether a subsequent transferee did or did not rely on the deed, however, did not contribute to this Court's analysis—the personal representative was not required to be a "subsequent party" in order to seek relief under section 689.07(1).

Brian's contention that the Personal Representatives cannot claim fee simple title on behalf of the Estate because he invoked the "cure" provision contained in section 689.07(4), Fla. Stat. (2011),[6] by filing his declarations of trust does not help

---

[6] Section 689.07(4) states as follows:

> (4) Nothing herein contained shall prevent any person from causing any declaration of trust to be recorded before or after the recordation of the instrument evidencing title or ownership of property in a trustee; nor shall this section be construed as preventing any beneficiary under an unrecorded declaration of trust from enforcing the terms thereof against the trustee; provided, however, that any grantee, transferee, assignee, or mortgagee, or person obtaining a release or satisfaction of mortgage from such trustee for value prior to the placing of record of such declaration of trust among the

12

him. Brian did not raise the issue below in his Motion to Dismiss, and even if he had, the issue could not have been considered by the trial court as Brian's declarations of trust were not attached to the Personal Representatives' Complaint or First Amended Complaint. See Pac. Ins. Co., 891 So. 2d at 590 (finding that trial court erred by relying on copy of release which was not attached to complaint when ruling on motion to dismiss). Moreover, under the facts of this case, the legal import, if any, of Brian's declarations of trust within the context of section 689.07 was not appropriate for determination on a motion to dismiss. Cf. Heiskell, 40 Fla. L. Weekly at D2812 (applying subsection (4) to reverse summary judgment entered in favor of trustee where "no legitimate dispute" that property was to be held in trust; noting that the presumption as to property ownership created by subsection (1) "can be overcome by a showing under subsection (4) that the property is subject to an unrecorded trust agreement, one that can be recorded after the subject deeds have been recorded").

We, therefore, find that the trial court erred in dismissing the Personal Representatives' First Amended Complaint with prejudice as the Personal

---

public records of the county in which such real property is situate, shall take such interest or hold such previously mortgaged property free and clear of the claims of the beneficiaries of such declaration of trust and of anyone claiming by, through or under such beneficiaries, and such person need not see to the application of funds furnished to obtain such transfer of interest in property or assignment or release or satisfaction of mortgage thereon.

Representatives stated a legally sufficient cause of action under section 689.07(1). Accordingly, we reverse the trial court's order dismissing the Personal Representatives' claim and remand for further proceedings consistent with this Court's opinion.

Reversed and Remanded.