# Third District Court of Appeal

## State of Florida

Opinion filed January 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-478
Lower Tribunal No. 21-2070
_____

**Melissa Azrack, etc.,**
Appellant,

vs.

**In Re: Estate of Malcolm Joel Dorman,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Barry S. Franklin & Associates, P.A. and Barry S. Franklin, for appellant.

Kluger, Kaplan, Silverman, Katzen and Levine, P.L., Bruce A. Katzken, and Lauren S. Fallick; Samson Appellate Law and Daniel M. Samson, for appellees.

Before EMAS, FERNANDEZ and SCALES, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 742.10(1), Fla. Stat. (2023) ("[A] notarized voluntary acknowledgment of paternity or voluntary acknowledgment of paternity . . . creates a rebuttable presumption, as defined by s. 90.304, of paternity and is subject to the right of any signatory to rescind the acknowledgment within 60 days after the date the acknowledgment was signed . . . ."); <u>Giller v. Giller</u>, 190 So. 3d 666, 669 (Fla. 3d DCA 2016) ("Personal Representatives are duly appointed legal representatives of the Estate, with the capacity to bring an action on the Estate's behalf and charged with the obligation to take possession of [the decedent's] property for purposes of administration."); <u>Magwood v. Tate</u>, 835 So. 2d 1241, 1243 (Fla. 4th DCA 2003) ("[A] personal representative of an estate stands in the shoes of the decedent, so a person has no greater rights against the estate than the person would have had against the decedent during his lifetime.").